REYNALDO G. GARZA, Circuit Judge, Specially Concurring:

I concur fully in the opinion by Judge Carl E. Stewart and I write separately to urge the district court below to end this case: I am very familiar with the same from its very beginning.

This case was transferred by our court from the Eastern District to the Southern District of Texas because its main prison was in Huntsville, which is in the Southern District of Texas, together with most of the other Texas prisons.

I was Chief Judge of the Southern District of Texas when this case was transferred to our court. I knew the case would keep a judge tied up for months, and I could not spare any of my judges to do so. Shortly thereafter, I swore in five new judges to the Southern District of Texas at one time, which shows that the ones that were there were carrying a very heavy load. I knew that my friend Judge W. Wayne Justice was familiar with the case and I talked to him about taking the case over. He said he would if Chief Judge Joe Fisher of the Eastern District of Texas gave his consent. I was able to get the consent of Chief Judge Fisher and I appointed Judge W. Wayne Justice to take over the trial of this case.

I remember the Attorney General's Office asked that I call a special en banc court of the Southern District of Texas, claiming that I did not have the authority to give the case to Judge Justice. By an order that I entered, I refused the request and told them that I did not need the Attorney General of Texas to tell me what my duties as Chief Judge of The Southern District of Texas were. Chief Judge John R. Brown had filed an order giving every district judge in Texas the right to sit in any other district in Texas. Judge W. Wayne Justice could sit, if assigned, in the Southern District of Texas. Our Southern District owes a big debt of gratitude to Judge W. Wayne Justice.

The fact that a consent decree was entered into shows that the conditions in the prisons of Texas needed to be addressed.

Judge Carl Stewart, in his opinion requires the district court to make the findings required under § 3626(b)(3), or to terminate the 1992 judgment, and I write separately to urge Judge W. Wayne Justice to put an end to this case. I am sure that the conditions that existed when the consent decree was entered no longer exist, and I am sure many of those affected at the time are long gone from the penitentiary. If any of the present prisoners have need for some kind of help, they can file another law suit against the Texas Prison System, but this case has to be ended. I urge my good friend Judge W. Wayne Justice to do so if at all possible.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Robert Lee MITCHELL, Defendant– Appellant.**

**No. 99–4272.**

United States Court of Appeals, Sixth Circuit.

Argued: March 6, 2001.

Decided and Filed: March 19, 2001.

Michael J. Burns (argued and briefed), Assistant United States Attorney, Columbus, OH, for Appellee.

David J. Graeff (argued and briefed), Columbus, OH, for Appellant.

Before: MARTIN, Chief Judge; MOORE, Circuit Judge; TARNOW, District Judge.*

## OPINION

BOYCE F. MARTIN, JR., Chief Judge.

Robert Lee Mitchell appeals his six-year sentence for possession with intent to distribute cocaine. For the following reason, we VACATE his sentence and REMAND to the district court for resentencing.

### I.

On February 23, 1999, Federal Drug Enforcement Administration Task Force agents received information that Mitchell, a suspected drug courier, was flying into the Columbus, Ohio airport from Los Angeles. After Mitchell deplaned, officers approached him, identified themselves, and after a few minutes of conversation, asked Mitchell for consent to search his bag. When Mitchell tentatively refused, the officers advised him they had "more information" about him than he realized. Mitchell then admitted his bag contained narcotics, and accompanied the officers to an airport office where a search revealed five wrapped packages containing a total of almost five pounds of cocaine. Mitchell subsequently pleaded guilty to one count of possession with intent to distribute a controlled substance.

At the sentencing hearing on October 14, the district court asked defense counsel whether Mitchell had any objections to the presentence report, but did not ask whether Mitchell's counsel had discussed the report with Mitchell. The report had calculated an offense level of twenty-three

* The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

and a criminal history category of IV, resulting in a sentencing range between five years and ten months, and seven years and three months. Mitchell's counsel stated there were no objections and that although he had some concerns about the report, "after a review of the Federal Sentencing Guidelines and after extensive discussions with Tina Ankrom in the Probation Department, [he could] understand and agree with how she came to her evaluation of this particular case." Mitchell's counsel then requested that the district court impose a sentence "in the minimum within the Guidelines that are set forth by the Probation Department for several reasons" relating to Mitchell's background. The district court sentenced Mitchell to six years.

## II.

■ Mitchell raises four issues on appeal, all of which address alleged error at the sentencing hearing. Nonetheless, because we agree with Mitchell's argument that the district court's failure to comply with Federal Rule of Criminal Procedure 32(c)(3)(A) requires a new hearing, we decline to address any of Mitchell's other claimed errors.

■ Under Rule 32(c)(3)(A), the district court must "verify that the defendant and the defendant's counsel have read and discussed the presentence report." The district court need not make an affirmative inquiry, so long as it can somehow determine that defendant and counsel have read and discussed the report. *See United States v. Stevens*, 851 F.2d 140, 143 (6th Cir.1988). Mitchell's counsel's arguments at the sentencing hearing indicated both that he had read the presentence report and that he and Mitchell had discussed Mitchell's background. The hearing transcript does not, however, demonstrate that Mitchell and his counsel "read and discussed" the report itself. Accordingly, the district court could not have made such a determination as required by Rule 32(c)(3)(A).

The United States argues that the district court's failure to comply with Rule 32(c)(3)(A) does not require a new sentencing hearing unless Mitchell can show actual prejudice as a result of the error. We disagree. "If the procedures [established by Rule 32(c)(3)(A)] are not followed, this court should remand for resentencing." *United States v. Schultz*, 855 F.2d 1217, 1224 (6th Cir.1988).

We have previously recognized the significant role that Rule 32's requirements play in ensuring a just adjudication at the sentencing hearing, by requiring literal compliance with Rule 32(c)(1). *See United States v. Tackett*, 113 F.3d 603, 613 (6th Cir.1997). The literal compliance requirement "helps to ensure that defendants are sentenced on the basis of accurate information and provides a clear record for appellate courts, prison officials, and administrative agencies who may later be involved in the case." *Id.* at 613–14. Those concerns are no less present here, where the district court failed to determine whether Mitchell even read his presentence report, much less whether he was afforded the opportunity to discuss it with his counsel.

■ Our holding that district courts must literally comply with Rule 32(c)(3)(A) does not alter our long-held rule that they need not affirmatively inquire as to whether a defendant has read and discussed his presentence report with counsel, although we urge district courts to discourage nonmeritorious appeals by simply making such an inquiry a regular part of the sentence hearing. But the fact that Rule 32(c)(3)(A) imposes only a modest burden on district courts in no way relieves those courts of their duty to comply with the Rule's mandates. *See United States v. Manni*, 810 F.2d 80, 84 (6th Cir.1987). Here, the district court had a duty to determine that Mitchell and his attorney had read and discussed Mitchell's presentence report. The failure to do so requires resentencing.

### III.

For the foregoing reason, we vacate Mitchell's six-year sentence, and remand for resentencing.