**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 02-40082
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NICOLAS SANTANA-BALTAZAR,

Defendant-

Appellant.

--------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-01-CR-753-ALL
--------------------------------------------------------------
November 27, 2002

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Nicolas Santana-Baltazar (Santana) appeals his guilty-plea sentence upon his conviction of

illegally entering the United States for the second time, 8 U.S.C. § 1325(a).  He argues that the

district court's failure to determine that he and his counsel had read and discussed the presentence

report (PSR) was a violation of FED. R. CRIM. P. 32(c)(3)(A) which constituted plain error.  We

AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rule 32(c)(3)(A), FED. R. CRIM. P., provides that before imposing sentence, the district court must "verify that the defendant and defendant's counsel have read and discussed the presentence report." Because Santana failed to raise the issue of noncompliance with Rule 32(c)(3)(A) in the district court, we will correct the alleged error only if it was plain and affected Santana's substantial rights. See United States v. Esparza-Gonzalez, 268 F.3d 272, 274 (5th Cir. 2001), cert. denied, 122 S. Ct. 1547 (2002). Rule 32(c)(3)(A) does not, however, absolutely require that the district court specifically ask a defendant whether he has read the PSR. Instead, we will draw reasonable inferences from court documents, the defendant's statements, and counsel's statements to determine whether the defendant has been given an opportunity to read and discuss the PSR with his counsel. See id.

The record does not contain information from which the district court could reasonably have inferred that Santana and his counsel had reviewed the PSR, although it shows that counsel did. Significantly, Santana does not deny that he and counsel discussed the PSR; and he has not attempted to show that he was prejudiced by the district court's Rule 32 omission. Consequently, Santana is not entitled to relief on the ground of plain error. See Esparza-Gonzalez, 268 F.3d at 274.

Santana contends that a Rule 32(c)(3)(A) violation is reversible error per se, without the need for a showing that the defendant was prejudiced thereby. He acknowledges that his contention is foreclosed by Esparza-Gonzalez, but he wishes to preserve the issue for Supreme Court review in light of United States v. Mitchell, 243 F.3d 953 (6th Cir. 2001).

The judgment of the district court is AFFIRMED.