**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Terence B. STRONG, Defendant–
Appellant.**

**No. 00–6605.**

United States Court of Appeals,
Sixth Circuit.

June 3, 2003.

Before BOGGS and SILER, Circuit Judges; and STEEH, District Judge.*

* The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

STEEH, District Judge.

Defendant pleaded guilty to one count of bank robbery, 18 U.S.C. § 2113(d), and one count of use of a firearm during a bank robbery, 18 U.S.C. § 924(c)(1)(A), and was sentenced to a 30–month prison term on the bank robbery conviction, and a consecutive 60–month prison term on the firearm conviction. Defendant argues on appeal that he was denied due process at sentencing in that: (1) the presentence investigation report ("PSIR") was prepared only two days before the sentencing hearing, contrary to the 35 day rule of Federal Rule of Criminal Procedure 32(b)(6)(A), and; (2) the district court failed to inquire whether defendant and his counsel had "read and discussed" the PSIR, as required by Federal Rule of Criminal Procedure 32(c)(3)(A). Defendant also challenges the denial of his request for a downward departure under United States Sentencing Guideline (U.S.S.G.) § 5K2.12. For the reasons set forth below, we **AFFIRM** the judgment of sentence.

## I. Background

Defendant pleaded guilty to bank robbery, and use of a firearm during a bank robbery, based on the September 16, 1999 armed robbery of the PNC Bank in Louisville, Kentucky. Defendant reserved his right to argue for a downward departure in a written Rule 11 Plea Agreement. A PSIR was prepared on November 13, 2000, and was relied upon by the district court two days later at defendant's November 15, 2000 sentencing hearing. Responding to the district court's inquiry whether defense counsel and defendant had "reviewed the presentence investigation report including any revisions to the report," coun-

sel stated "[w]e have," noting "a couple of factual areas in the report, but nothing that effects [sic] the guideline calculation, minor things that we talked about him being in college for four years and he was actually in college for five, things like that, but I don't think really need to be changed." Defendant did not object to the timeliness of the PSIR. The district court heard argument on defendant's request for a downward departure under U.S.S.G. § 5K2.12 (committing offense under serious coercion or duress), recognized that the request could be granted if defendant was "telling the truth" as to why he committed the robbery, then reasoned "I don't find credibility in [defendant's] statements and so I am going to deny the motion for a downward departure." Defendant was sentenced within the sentencing guideline range to a total of 90 months of incarceration.

## II. 35–Day Rule of Fed.R.Crim.P. 32(b)(6)(A)

■ A PSIR must be furnished to a defendant not less than 35 days before the sentencing hearing unless the defendant waives this time requirement. Fed. R.Crim.P. 32(b)(6)(A).[1] Defendant did not object to receiving the PSIR two days before sentencing. While the better practice is to provide the PSIR to the defendant at least 35 days prior to sentence or secure the defendant's formal waiver of the time requirement on the record, the transcript in this case establishes that defendant waived the 35–day requirement of Rule 32(b)(6)(A). Accordingly, violation of the 35–day rule is not subject to review on appeal. *See United States v. Olano*, 507 U.S. 725, 731, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (recognizing that a criminal defendant may forfeit a right to appeal by failing to timely object in the district court). Further, defendant has not shown that the failure to provide him with the PSIR 35 days or more prior to sentencing affected a substantial right warranting correction under a "plain error" analysis. *See* Fed.R.Crim.P. 52(b); *United States v. Cotton*, 535 U.S. 625, 122 S.Ct. 1781, 1785, 152 L.Ed.2d 860 (2002) (recognizing that a "plain error" not raised in the district court may be corrected by an appellate court only if a substantial right was affected and the error seriously affected the fairness, integrity, or public reputation of judicial proceedings). Defendant's argument under Rule 32(b)(6) has not been preserved for appellate review, and the record below does not reflect plain error.

## III. PSIR Inquiry under Fed.R.Civ.P. 32(c)(3)(A)

Before imposing sentence, a district court must "verify that the defendant and defendant's attorney have read and discussed the presentence report made available under subdivision (b)(6)(A)." Fed. R.Crim.P. 32(c)(3)(A).[2] If the district court fails to determine whether the defendant and defendant's counsel have read and discussed the PSIR, the matter must be remanded for resentencing. *United States v. Mitchell*, 243 F.3d 953, 955 (6th Cir.2001). "The district court need not make an affirmative inquiry, so long as it can somehow determine that defendant and counsel have read and discussed the report." *Id.* (citing *United States v. Stevens*, 851 F.2d 140, 143 (6th Cir.1988)).

The district court could reasonably determine from its sentencing hearing inquiry—whether defense counsel and defendant had "reviewed" the PSIR—that appellant and his counsel had "read and

---

**1.** This 35–day requirement is now found at Fed.R.Crim.P. 32(e)(2) (amended 2002).

**2.** This "read and discussed" requirement is now found at Fed.R.Crim.P. 32(i)(1)(A) (amended 2002).

discussed" the PSIR as required under Rule 32(c)(3)(A). Defense counsel's reference to "minor" factual inaccuracies "that we talked about" confirmed that defendant and his counsel did in fact read and discuss the PSIR. Contrary to defendant's argument, the district court determined that defendant and his counsel had read and discussed the PSIR, as required under Rule 32(c)(3)(A).

## IV. Limited Review of Denial of Downward Departure

It is well established that the denial of a downward departure from the sentencing guidelines is reviewable on appeal only if the district court erroneously believed it lacked legal authority to grant the relief. *United States v. Strickland*, 144 F.3d 412, 418 (6th Cir.1998) (citing *United States v. Ebolum*, 72 F.3d 35, 37 (6th Cir.1995)). "[T]he district court need not explicitly state that it is aware of its discretionary power to depart downward; as long as the record makes clear such awareness...." *United States v. Cook*, 238 F.3d 786, 791 (6th Cir.2001) (quoting *Strickland*, 144 F.3d at 418).

■ The sentencing transcript makes clear that the district court judge knew he enjoyed discretion to grant defendant's request for a downward departure under U.S.S.G. § 5K2.12 if he believed defendant's testimony that it was not defendant's idea to rob the bank, and that defendant was coerced into robbing the bank by threats of force. The district court did not believe defendant's testimony, however, and exercised its discretion in denying the request for a downward departure. Accordingly, defendant's argument that the district court made an "uninformed" decision when denying defendant's request for a downward departure is not reviewable.

## V. Conclusion

The district court's judgment of sentence is **AFFIRMED**.