**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0574n.06
Filed: September 24, 2008

No. 06-1869

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | **ON APPEAL** FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| ROBERT TARPLEY, | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | **O P I N I O N** |
| | ) | |

Before:  MOORE and COOK, Circuit Judges; and HOOD,[*] District Judge.

KAREN NELSON MOORE, Circuit Judge.  Robert Tarpley ("Tarpley"), Defendant-Appellant, appeals his sentence of 180 months in prison, resulting from a guilty plea to one count of conspiracy with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 846.  Tarpley makes four arguments before this court:  (1) the district court erred in determining that Tarpley was a "career offender" under U.S. SENTENCING GUIDELINES MANUAL ("U.S.S.G.") § 4B1.1(a) (2005); (2) the district court abused its discretion by denying Tarpley's request to adjourn his sentencing hearing to review and discuss with counsel the amended Presentence Investigation Report ("PSR"); (3) Tarpley was denied due process when the district court failed to resolve factual disputes resulting in a procedurally unreasonable sentence; and (4) the district court erred when it

_____

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

failed to articulate whether it considered or refused to consider exceptional third-party assistance in its ruling on a motion for downward departure. For the reasons explained below, we **AFFIRM** Tarpley's sentence.

## I. FACTS AND PROCEDURE

The facts of this case are not in dispute. In February 2004, a federal grand jury indicted Tarpley on one count of conspiracy, two counts of possession with intent to distribute, and one count of being a felon in possession of a firearm. Two superseding indictments were subsequently filed. On the morning of trial, Tarpley initially pleaded guilty to one count of conspiracy, but he subsequently moved to withdraw his plea, citing disagreements with the PSR's determination of several issues, including the amount of drugs assigned to him. The district judge permitted Tarpley to withdraw his guilty plea.

On February 7, 2006, pursuant to a negotiated Rule 11 Plea Agreement, Tarpley pleaded guilty to Count One of the original indictment, conspiracy to distribute and to possess with intent to distribute controlled substances (heroin and cocaine) in violation of 21 U.S.C. §§ 841(a)(1), 846. At that time, he made no stipulation to drug quantity, nor did the plea agreement or indictment to which he pleaded stipulate quantity. The plea agreement did provide that the statutory maximum sentence was twenty years of imprisonment.

An updated PSR was prepared, which continued to attribute 2,916 kilograms of marijuana equivalent to Tarpley. This amount gave him a base offense level of 32, with an adjusted offense level of 37. The PSR also assigned Tarpley a criminal history category of VI, based on his sixteen criminal history points. This resulted in a guideline range for imprisonment of 360 months to life.

2

Because the statutory maximum for the crime to which Tarpley pleaded guilty is 240 months, his guideline sentence was 240 months.

The PSR also concluded that Tarpley had at least two prior convictions for crimes of violence, rendering him a "career offender" with a criminal history category of VI. In particular, Tarpley has two prior convictions for felonious assault and for third-degree home invasion under Michigan state law. He pleaded guilty and was sentenced for those crimes on the same day, under different docket numbers. The PSR states that the felonious assault occurred on July 14, 2000, while Tarpley was smoking marijuana in his car with an acquaintance. Police arrived and approached the vehicle, instructing Tarpley to keep his hands visible, unlock the doors, and roll down the window. Instead, Tarpley started the vehicle and fled the scene, striking a police officer in the leg with his car.

The home invasion occurred on August 12, 2000, when police came to Tarpley's home to arrest him for outstanding warrants, including a warrant for the felonious assault charge. Tarpley fled to the attic of his apartment and broke through the crawl space to the adjoining apartment, which was occupied. The police pursued Tarpley into that apartment, at which point Tarpley broke through the attic crawl space into another apartment, unoccupied at the time. Tarpley was then arrested. Tarpley does not dispute these accounts. The PSR determined, based on these two offenses, that Tarpley was a "career offender," subject to a "career offender" offense level of 32 as calculated under U.S.S.G. § 4B1.1(b)(C) and a criminal history category of VI. However, because the "career offender" offense level was not greater than the calculated total offense level (level 37, criminal history category VI), the "career offender" offense level was not used to calculate Tarpley's guideline range. Joint Appendix ("J.A.") at 276 (PSR at 22); U.S.S.G. § 4B1.1(b).

3

On March 28, 2006, Tarpley filed a Second Amended Sentencing Memorandum objecting to two determinations in the PSR: (1) that third-degree home invasion is a "crime of violence" and (2) that he should be denied credit for acceptance of responsibility.

Tarpley's attorney received an amended version of the PSR one week before sentencing and sent a copy to Tarpley. Tarpley received it on Saturday, May 20, 2006. Tarpley does not contend that the amended PSR was substantially different than the previous version.

On May 23, 2006, at the sentencing hearing, Tarpley's attorney moved for an adjournment on the grounds that Tarpley had not had an opportunity to review the amended PSR. The district judge denied the motion, stating "No, no, no. We've waited long enough." J.A. at 227 (Sent. Hr'g Tr. at 4). Tarpley's attorney made no further reference to Tarpley's inability to review the amended PSR. Tarpley's attorney then argued the two objections made in his sentencing memorandum. After hearing arguments, the district judge, relying on *United States v. Horton*, 163 F. App'x 378 (6th Cir. 2006) (unpublished opinion), found that third-degree home invasion was a "crime of violence." J.A. at 228 (Sent. Hr'g Tr. at 5). He awarded a three-level reduction for acceptance of responsibility, contrary to the PSR recommendation.

During a later colloquy with the district judge in allocution, Tarpley, himself, voiced his disagreement with certain facts in the PSR:

> [A]s far as the things that the co-defendants said in their proffers and things, I feel as though they were led to say those things, things about me, because they weren't true, okay. . . . [M]y co-defendants has [sic] a lot of reason to say the things that they said. They felt the more that they tell, the more time they would get off. So, you know, in adding to that, these monstrous amount [sic] of drugs came into effect, you know, to say, Well [sic], when I get in jail, I can brag about this, I was a big drug dealer, which in actuality they weren't.

4

J.A. at 235-36 (Sent. Hr'g Tr. at 12-13). His attorney also asked the court to take into consideration the fact that Tarpley's wife assisted authorities. The district judge did not directly speak to these matters; however, he did state that he considered "the factual recitations that Mr. Tarpley made both at his guilty plea time and that he has made right now in his eloquent closing argument" when determining the appropriate sentence. J.A. at 247 (Sent. Hr'g Tr. at 24).

Ultimately, the district judge sentenced Tarpley to 180 months in prison, stating he felt the guideline range was "much too high." J.A. at 249 (Sent. Hr'g Tr. at 26). The district judge then concluded the hearing by asking each attorney whether he had any legal objections to the sentence. Tarpley's attorney replied "No legal objections, Your Honor." J.A. at 251 (Sent. Hr'g Tr. at 28). Tarpley timely appealed his sentence.

## II. ANALYSIS

Through counsel, Tarpley asserts that the district court made four errors: (1) the district court improperly determined that Tarpley was a "career offender" under U.S.S.G. § 4B1.1(a); (2) the district court abused its discretion by denying Tarpley's request for adjournment; (3) Tarpley's sentence was procedurally unreasonable because the district court failed to resolve factual disputes concerning the amount of drugs attributed to him; and (4) the district court erred when it failed to articulate whether it considered third-party assistance in ruling on his motion for downward departure. We address each argument in turn.

### A. "Career Offender" Determination and Procedural Unreasonableness

Tarpley argues both that he was improperly found to be a "career offender" under U.S.S.G. § 4B1.1(a) and that his sentence was procedurally unreasonable because the district court did not rule on Tarpley's objection to the amount of drugs attributed to him in the PSR, in violation of Federal

Rule of Criminal Procedure 32(i)(3)(B). These arguments are linked. Because the "career offender" offense level from § 4B1.1 is not greater than Tarpley's total offense level of 37, Tarpley's "career offender" offense level is not applicable unless his total offense level was miscalculated. U.S.S.G. § 4B1.1 ("[I]f the offense level for a career offender . . . is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply."). The only issue that would affect the calculation of Tarpley's total offense level that Tarpley has appealed is the issue of the procedural reasonableness of the district court's determination of drug quantity. Thus, we do not need to reach the issue of "career offender" status if we hold that the district court was procedurally reasonable in determining drug quantity. We so hold.

On appeal, Tarpley's counsel argues that, at the sentencing hearing, Tarpley himself controverted the issue of drug quantity when Tarpley stated:

> [A]s far as the things that the co-defendants said in their proffers and things, I feel as though they were led to say those things, things about me, because they weren't true, okay. . . . [M]y co-defendants has [sic] a lot of reason to say the things that they said. They felt the more that they tell, the more time they would get off. So, you know, in adding to that, these monstrous amount [sic] of drugs came into effect, you know, to say, Well [sic], when I get in jail, I can brag about this, I was a big drug dealer, which in actuality they weren't.

J.A. at 235-36 (Sent. Hr'g Tr. at 12-13). Tarpley argues that, because the district judge did not make an independent finding as to drug quantity after he controverted the issue, the district judge violated Federal Rule of Criminal Procedure 32(i)(3)(B). Rule 32(i)(3)(B) requires a district court "for any disputed portion of the presentence report or other controverted matter" to "rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." FED R. CRIM. P. 32(i)(3)(B).

6

Tarpley's argument lacks merit. Tarpley was represented by an attorney at the sentencing hearing, and his counsel made no objections at the hearing or in any sentencing memoranda to the determination of drug quantity in the PSR. Under these circumstances, where Tarpley in his allocution made only the above passing reference, we hold that the issue of drug quantity was not controverted and the district judge's failure to make an independent finding as to drug quantity did not violate Rule 32(i)(3)(B).

**B. Motion to Adjourn and Federal Rule of Criminal Procedure 32(i)(1)(A)**

Tarpley argues both that the district court abused its discretion by not granting his motion to adjourn his sentencing hearing and that the district court did not literally comply with Federal Rule of Criminal Procedure 32(i)(1)(A). These are distinct arguments that we address separately.

**1. Motion to Adjourn**

We review for an abuse of discretion a district court's decision to deny a motion for continuance. *United States v. King*, 127 F.3d 483, 486 (6th Cir. 1997); *United States v. Gallo*, 763 F.2d 1504, 1523 (6th Cir. 1985). "The denial of a defendant's motion for a continuance amounts to a constitutional violation only if there is an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay." *King*, 127 F.3d at 486-87 (internal quotation marks omitted). The defendant must prove actual prejudice in order to demonstrate reversible error. *Id*. at 487.

Tarpley argues that the district judge denied the motion to adjourn merely to move the trial along and this constituted "an unreasoning and arbitrary insistence upon expeditiousness."

Regardless of any merit to that argument,[1] Tarpley has not shown that he was actually prejudiced by the denial. Tarpley contends that he did not have an opportunity to review the amended PSR with counsel; however, he does not show how this failure was prejudicial to his case. It is undisputed that Tarpley and his attorney had ample time to review and discuss the original PSR. Further, Tarpley does not point to any differences in the amended PSR to which he would have objected if he and his attorney had been given time to discuss the report. Thus, Tarpley has not shown actual prejudice as is required under *King*. We hold that the district judge did not commit reversible error in denying the motion to adjourn under these circumstances.

### 2. Rule 32(i)(1)(A)

Rule 32(i)(1)(A) of the Federal Rules of Criminal Procedure requires a district court to "verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report." FED. R. CRIM. P. 32(i)(1)(A). We require literal compliance with Rule 32(i)(1)(A). *United States v. Mitchell*, 243 F.3d 953, 955 (6th Cir. 2001). Actual prejudice need not be shown. *Id*. However, if a sufficient objection to Rule 32(i)(1)(A) is not made below, plain-error review applies. *United States v. Tate*, 516 F.3d 459, 464 (6th Cir. 2008). A defendant's statement that he has not read an amended PSR does not "constitute an objection sufficient to avoid plain-error review." *Id*. at 465.

Tarpley argues that the district court was required to comply literally with Rule 32(i)(1)(A) and that the sentencing transcript clearly reveals that the court was aware that Tarpley and his attorney did not discuss the amended PSR. He argues that his sentence must be vacated for this lack

---

[1]The district judge's response to the motion to adjourn was simply "No, no, no. We've waited long enough." J.A. at 227 (Sent. Hr'g Tr. at 4).

8

of compliance. Though the district judge did not literally comply with Rule 32(i)(1)(A), Tarpley's claim must fail because it is subject to plain-error review, which he cannot satisfy.

The *Tate* case is instructive. There, the defendant stated that he had not read the amended PSR, but made no further mention of the matter, even when "given multiple opportunities to make objections during sentencing." *Tate*, 516 F.3d at 465-66. The panel majority held that the defendant's statement that he had not read the PSR was not by itself "an objection sufficient to avoid plain-error review." *Id*. at 465. Applying plain-error review, the majority held that the defendant could not show that the error had affected substantial rights or affected the fairness, integrity, or public reputation of the proceedings because: (1) the defendant had read and discussed the original PSR with his attorney; (2) the defendant's attorney had "filed a sentencing memorandum addressing the original PSR"; and (3) there was only one difference between the revised PSR and the original PSR. *Id*. at 466.

Tarpley's case is almost identical to *Tate*. Tarpley's attorney stated that Tarpley had not read the amended PSR, but counsel made no other mention of the issue, even when asked at the end of the proceedings if he had any further objections. J.A. at 227, 250-51 (Sent. Hr'g Tr. at 4, 27-28). Thus, Tarpley did not make a sufficient objection, and this claim is subject to plain-error review. Tarpley fails this review for the reasons stated in *Tate*: (1) Tarpley does not dispute that he had ample time to read and discuss the original PSR with his attorney; (2) Tarpley's attorney filed a sentencing memorandum in response to the original PSR; and (3) Tarpley has not pointed to any substantial differences between the PSRs. Thus, Tarpley cannot show any error that affected his substantial rights or the fairness, integrity, or public reputation of the proceedings. Therefore, we

hold that the district judge did not commit plain error with respect to compliance with Rule 32(i)(1)(A).

## C. Downward Departure

Tarpley further argues that the district court erred when it failed to articulate whether it considered third-party assistance in ruling on Tarpley's motion for downward departure. However, our review of the record reveals that Tarpley did not actually make a motion for downward departure. Tarpley's attorney asked in his Second Sentencing Memorandum that the district judge "consider the cooperation of a third party [Tarpley's wife], as a basis for a downward *adjustment* to the advisory guidelines." J.A. at 145 (Second Am. Sent. Mem. at 7) (emphasis added). Counsel reiterated this request at the sentencing hearing. J.A. at 238 (Sent. Hr'g Tr. at 15). At no time did he make a motion for a downward departure. Tarpley's counsel merely requested that the district court consider certain factors when making the sentencing decision. Further, the district judge did consider "the factual recitations that . . . Tarpley made both at his guilty plea time" and at the sentencing hearing "in his eloquent closing argument." J.A. at 247 (Sent. Hr'g Tr. at 24). Those considerations led the district judge to declare that the guidelines range was "much too high," and he sentenced Tarpley to only 180 months, granting a downward variance from the 240 months called for by the guidelines. J.A. at 249 (Sent. Hr'g Tr. at 26). Thus, Tarpley's argument lacks merit.[2]

### III. CONCLUSION

Because (1) the district court did not violate Rule 32(i)(3)(B), (2) the district court did not commit reversible error in denying Tarpley's motion to adjourn, (3) the district court did not commit

---

[2]Tarpley also filed a supplemental brief *pro se*. All arguments made in that brief lack merit; thus we decline to address them.

plain error with respect to Rule 32(i)(1)(A), and (4) Tarpley did not make a motion for downward departure, we **AFFIRM** the judgment of the district court.