NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0449n.06

No. 07-6500

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Jul 22, 2010**
LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,               )
                                        )
        Plaintiff-Appellee,             )        ON APPEAL FROM THE
                                        )        UNITED STATES DISTRICT
        v.                              )        COURT FOR THE EASTERN
                                        )        DISTRICT OF TENNESSEE
DONALD GILMORE, JR.,                    )
                                        )
        Defendant-Appellant.            )
                                        )

BEFORE: CLAY, ROGERS, and COOK, Circuit Judges.

ROGERS, Circuit Judge. In this sentencing appeal, Defendant Donald Gilmore, Jr. alleges that the district court improperly based his sentence on the drug quantity in the presentence report and that his counsel was ineffective for withdrawing Gilmore's objection to the PSR's drug quantity. Gilmore has also moved to supplement the record to include conflicting accounts of his drug quantity admissions. Because the record already contains the documents Gilmore seeks to add, we deny Gilmore's motion to supplement the record. Because Gilmore withdrew his objection to PSR's drug quantity, quantity was not disputed and the district court was not required to make factual findings on drug quantity; therefore, we affirm his sentence. Because the record is not sufficiently developed, we decline to rule on Gilmore's ineffective assistance claim.

During an August 30, 2006 traffic stop of Gilmore and his wife, a consensual search of the couple's vehicle revealed 3 pounds of cocaine. The stopping officer's notes indicate that Gilmore admitted buying three to five kilograms of cocaine for the past five years. A forfeiture warrant filed

the next day by another officer indicates that, contrary to the stopping officer's notes, Gilmore admitted buying "between one and five kilos of cocaine per week for the last year." After Gilmore was stopped again on March 21, 2007, while attempting to transport approximately three kilograms of cocaine across state lines, a federal grand jury indicted Gilmore, his wife, and another co-defendant for conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine hydrochloride from 2001 to March 2007, and possession of 500 grams or more of cocaine on August 30, 2006. Both Gilmore and his wife pled guilty to the conspiracy charge, a charge carrying a statutory mandatory penalty of 10 years to life in prison if the defendant has no prior drug felony convictions. At the plea hearing, the Government confirmed that Gilmore and his wife had pled to "the same matter with the factual basis . . . being somewhat different," and Gilmore was advised of the statutory penalties for the crime.

In Gilmore's plea agreement, the Government agreed not to oppose a two-level reduction in Gilmore's Sentencing Guidelines offense level for acceptance of responsibility, and agreed that the Government might, in its discretion, move for an additional one-level decrease for acceptance of responsibility if Gilmore's base offense level was 16 or greater. The Government reserved the right to withdraw or to decline to make this motion if Gilmore "engage[d] in any conduct . . . inconsistent with accepting responsibility." The plea agreement set forth facts to support Gilmore's guilty plea but noted that these facts were not necessarily all the facts in the case, other facts might be relevant to sentencing, and both the Government and Gilmore could present additional facts at sentencing.

The PSR held Gilmore responsible for 52 kilos of cocaine based on the admission attributed to him in the forfeiture warrant, that he bought between one and five kilos of cocaine per week for the last year. Based on that drug quantity, Gilmore's base offense level was 36. After subtracting 3 levels for acceptance of responsibility, Gilmore's total offense level was 33, and with his criminal history at category III, Gilmore's Guideline range was 168 to 210 months' imprisonment.

Gilmore objected to the PSR's drug quantity and argued in his sentencing memorandum that the record contained other statements by Gilmore admitting to lesser drug quantities. At sentencing, the Government indicated that its witnesses would testify that Gilmore should be held responsible for a drug quantity "far in excess of" 52 kilos; that this quantity would increase his total offense level; and that if he persisted in his objection, the Government would decline to move for an offense level reduction for acceptance of responsibility. The district court cautioned Gilmore that drug quantity was the main determinant in drug crime sentencing, that "[o]nce the government starts putting on evidence [of drug quantity], it becomes an evidentiary hearing," and that "more often than not the only witness that's available [to counter the Government's evidence of drug quantity] is the defendant." The district court continued, stating that if the defendant's testimony contradicted the Government's evidence and the district court credited the Government's evidence rather than the defendant's testimony, then the defendant could face a higher Sentencing Guidelines range due to loss of an offense level reduction for acceptance of responsibility and an enhancement for obstruction of justice. The warnings, while doubtless accurate and intended for the defendant's benefit, were on the forceful side, and we do not endorse them as ideal. The district court noted,

however, that it did not know what evidence the Government would present or whether that evidence would be credible.

The district court then recessed to permit Gilmore to confer with counsel. After sentencing resumed, Gilmore's counsel withdrew the objection to the PSR's drug quantity. The district court found that the facts and Guidelines calculations in Gilmore's PSR were correct. Gilmore himself continued to disagree with the PSR's drug quantity, and the district court advised Gilmore that, if he believed he was innocent, he should not plead guilty. Gilmore responded that he did "accept responsibility for what [he] pled to, but [he] did not plead to that amount." The district court sentenced Gilmore to 189 months' imprisonment, a within-Guidelines sentence for the 52-kilo drug quantity.

Gilmore filed this timely appeal, and moved in the district court to supplement the record with the conflicting accounts of Gilmore's drug quantity admissions from the stop on August 30, 2006. The district court denied the motion and stated that Federal Rule of Appellate Procedure 10(e) did not permit supplementing the record because "the record accurately reflects what occurred before the [district court]." Gilmore then moved to supplement the record in this court.

We deny Gilmore's motion to supplement the record because the relevant documents are part of the district court's sealed record. Rule 10(e) permits correction or modification if "any difference arises about whether the record truly discloses what occurred in the district court" or "anything material to either party is omitted from or misstated in the record." Because the documents Gilmore seeks to add are already in the district court's sealed record, neither circumstance applies here.

We also affirm Gilmore's sentence. The district court properly based Gilmore's sentence on the PSR's drug quantity because Gilmore withdrew his objection to that quantity, rendering quantity undisputed and permitting the PSR to serve as the factual basis for the sentence. A sentencing court "may accept any undisputed portion of the presentence report as a finding of fact." Fed. R. Crim P. 32(i)(3)(A). "[A] defendant's statement of no objections to a presentence report constitutes an express admission of the amount and type of drugs attributed to [the defendant] in the PSR." *United States v. Stafford*, 258 F.3d 465, 476 (6th Cir. 2001) (internal quotation marks omitted) (insertion in original) (citation omitted); *see also United States v. Adkins*, 429 F.3d 631, 632-33 (6th Cir. 2005); *United States v. Clements*, 142 F. App'x 223, 228-29 (6th Cir. 2005). A defendant's withdrawal of an objection to the PSR's drug quantity is also an express admission of that drug quantity. *United States v. Roper*, 266 F.3d 526, 532 (6th Cir. 2001).

Therefore, when Gilmore withdrew his objection, the district court could properly accept the PSR's drug quantity as a finding of fact because that portion of the PSR was undisputed. Gilmore's statement that he did not plead to the 52 kilogram quantity does not change his attorney's withdrawal of that objection. *See United States v. Tarpley*, 295 F. App'x 11, 15-16 (6th Cir. 2008). Because the PSR's drug quantity was undisputed, the district court properly declined to hold an evidentiary hearing and find facts, and the PSR quantity was a sufficient factual basis to support the sentence.

This result is consistent with *United States v. Baro*, 15 F.3d 563 (6th Cir. 1994). In *Baro*, this court vacated defendants' sentences and remanded for re-sentencing because the district court had failed to make factual findings as to the disputed fact of drug quantity attributable to defendants

in a drug conspiracy. *Id.* at 569. Unlike the defendants in *Baro*, Gilmore withdrew his drug quantity objection; therefore, the PSR served as the factual basis for the sentence, and the district court did not need to make a separate factual finding as to the drug quantity attributable to Gilmore.

Gilmore faults the Government for failing to notify him at the plea agreement stage that, in drafting his PSR, the Probation Office would have access to his August 2006 statements that "substantially increase" the drug amount attributed to Gilmore. Gilmore is not entitled to vacatur of his sentence on this basis, however, because the Government need not advise a defendant of the exact sentence he faces at the plea agreement stage. *See* Fed. R. Crim. P. 11(b)(1)(H) & (I). The five-kilogram amount was not binding on the district court at sentencing because Gilmore's indictment and guilty plea are based on a crime involving five kilograms *or more* of cocaine hydrochloride; Gilmore acknowledged in the plea agreement that "the sentencing determination will be based upon the entire scope of [his] criminal conduct," and, as Gilmore concedes on appeal, the plea agreement states that facts other than those in the plea agreement may be relevant to sentencing and permits Gilmore and the Government to present additional facts at sentencing. *See United States v. Cole*, 569 F.3d 774, 777-78 (7th Cir. 2009). In addition, as noted in Gilmore's plea agreement and at his plea hearing, the crime with which Gilmore was charged and to which he pled guilty carried a statutory maximum sentence of life imprisonment, and the PSR's drug quantity does not increase that statutory maximum. *See United States v. Cox*, 565 F.3d 1013, 1016-17 (6th Cir. 2009). Therefore, the district court properly sentenced Gilmore based on the PSR's drug quantity.

The court declines to rule on Gilmore's ineffective assistance claim on direct appeal because the existing record is not adequate to evaluate whether Gilmore's counsel had a strategic reason to withdraw his objection to the PSR's drug quantity. *See United States v. Sullivan*, 431 F.3d 976, 986 (6th Cir. 2005); *Massaro v. United States,* 538 U.S. 500, 504-05 (2003).

For the foregoing reasons, Gilmore's motion to supplement the record is denied and his sentence is affirmed.