**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0610n.06

**No. 09-1146**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Sep 14, 2010**
LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| AHMAD K. DANIELS, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

Before: BOGGS, SILER, and MOORE, Circuit Judges.

**SILER**, Circuit Judge. Ahmad K. Daniels was convicted of three drug charges and a related firearm offense. He appeals his conviction and sentence, raising several issues. For the following reasons, we **AFFIRM IN PART**, **REVERSE IN PART** and **REMAND** for resentencing.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Daniels and five co-defendants were prosecuted for their participation in a drug trafficking conspiracy in Michigan between 2004 and 2006. The jury convicted Daniels of all four counts of the indictment: conspiracy to possess with intent to distribute and to distribute controlled substances in violation of 21 U.S.C. § 846 (Count One); distribution of cocaine base, aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Two); possession with intent to distribute cocaine base, aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2

(Count Three); and felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count

Four). The district court sentenced him to 262 months' imprisonment.

## II. DISCUSSION

Daniels argues that his conviction should be vacated and he should be granted a new trial,

because the district court abused its discretion in denying his Rule 33 motion for a new trial, its

evidentiary rulings violated his Sixth Amendment right to confront witnesses, and it abused its

discretion in failing to instruct the jury regarding law enforcement credibility and "mere presence."

He also argues that his sentence is unreasonable.

## A. Confrontation Clause

Daniels asserts that his Sixth Amendment right to confront witnesses was violated because

some of the government's witnesses' prior convictions were redacted from the Rule 11 Plea

Agreement worksheets and he was not permitted to cross-examine these witnesses as to those

convictions. We review claims under the Confrontation Clause de novo. *United States v. Johnson*,

430 F.3d 383, 393 (6th Cir. 2005). Although the Confrontation Clause guarantees a criminal

defendant the right to confront the witnesses against him, it does not guarantee unlimited opportunity

for cross-examination. *Delaware v. Van Arsdall*, 475 U.S. 673, 678-79 (1986). Rather, "trial judges

retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on

such cross-examination based on concerns about, among other things, harassment, prejudice,

confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally

relevant." *Id.* at 679.

The district court here did not significantly limit Daniels's ability to cross-examine the co-defendant witnesses. Although it did not allow Daniels to inquire as to the witnesses' prior convictions, it permitted and even encouraged Daniels to inquire into the relevant details of the plea agreement. Under these facts, Daniels's rights under the Confrontation Clause were not violated.

## B. Jury Instructions

Daniels argues that the district court erred by failing to instruct the jury as to (1) the credibility of law enforcement witnesses and (2) the mere presence defense. We review a district court's denial of requested jury instructions for abuse of discretion. *United States v. Gray*, 521 F.3d 514, 540 (6th Cir. 2008). We must determine whether the "jury instructions as a whole . . . adequately inform the jury of the relevant considerations . . . and will reverse a jury verdict on account of an instructional error only in situations where the instruction, viewed as a whole[,] is confusing, misleading, and prejudicial." *United States v. Adams*, 583 F.3d 457, 469 (6th Cir. 2009) (internal quotations omitted).

### 1. Law Enforcement Witnesses

Daniels and the government proposed the following jury instruction: "The testimony of a law enforcement officer is entitled to no greater weight than that of other witnesses simply because he is a law enforcement officer." Although the proposed instruction is a correct statement of law, the district court did not commit reversible error by failing to give the instruction because other delivered instructions addressed credibility of witnesses.

In *United States v. Alston*, 375 F.3d 408 (6th Cir. 2004), we concluded that the district court's failure to instruct the jury that it should not afford law enforcement witnesses additional credibility

solely because of their status was not reversible error, because "[t]he jury was given lengthy instructions on considerations to make when determining witness credibility." *Id.* at 412. In particular, the jury was instructed to consider whether "the witness had any relationship to the government or the defendant, or anything to gain or lose from the case," and whether "the witness had any bias or prejudice or reason for testifying that might cause the witness to lie or to slant their testimony in favor of one side or the other." *Id.* The district court provided the exact instructions to the jurors in the case at hand. Accordingly, the district court did not abuse its discretion in failing to use this particular instruction.

### 2. Mere Presence

Daniels also objected to the district court's refusal to give the following proposed instruction regarding "mere presence":

> Merely being present at the scene of a crime or merely knowing that a crime is being committed or is about to be committed is not sufficient conduct to find that Defendant committed the crime.
>
> In order to find the Defendant guilty of the crime, the government must prove, beyond reasonable doubt, that in addition to being present or knowing about the crime, Defendant knowingly [and deliberately] associated himself with the crime in some way as a participant—someone who wanted the crime committed—not as a mere spectator.

The district court refused to read that instruction, correctly concluding that it had been covered by other instructions.

This proposed instruction is a correct statement of law; however, it was adequately covered by other delivered instructions. Although the district court did not use the exact instruction the parties submitted, the jury was informed that mere presence at the time of a crime is not sufficient

for a finding of guilt. Accordingly, the district court's failure to give the proposed instruction is not reversible error.

## C. Rule 33 Motion for New Trial

Daniels argues that his Rule 33 motion should have been granted because the verdict was against the weight of the evidence, the district court erroneously admitted a document titled "Micro-Capitalism," the district court's evidentiary rulings violated his Sixth Amendment right to confront witnesses, and the district court failed to give two requested instructions to the jury.[1] We review a district court's decision to grant or deny a Rule 33 motion for abuse of discretion. *United States v. Munoz*, 605 F.3d 359, 366 (6th Cir. 2010).

### 1. Weight of the Evidence

In concluding that the verdict was consistent with the manifest weight of the evidence at trial, the district court rejected Daniels's argument that his co-defendant witnesses lacked credibility. The court explained that "the testimony of the co-defendant witnesses was corroborated by that of law enforcement witnesses and the evidence gathered during the investigation into this matter." That conclusion was not a clear and manifest abuse of discretion. Daniels's argument that the verdict was against the manifest weight of the evidence rests on a single proposition: his co-defendant witnesses were not credible. Because we cannot assess the credibility of witnesses on appellate review, his argument is meritless.

---

[1]As we discussed above, the district court's admission of the Rule 11 plea agreements and failure to give the proposed jury instructions do not constitute reversible error.

### 2. Admission of "Micro-Capitalism" Document

Before trial, Daniels filed a motion in limine to exclude the exhibit entitled "Micro-Capitalism: Inside the Mind of the Neighborhood Drug Dealer by Dr. Ahmad Khilia-X Daniels," arguing that the government had the exhibit for approximately two years without disclosing it to him, in violation of Federal Rule of Criminal Procedure 16. The district court denied his motion without prejudice and Daniels did not object to the admission of the exhibit at trial. In fact, he objected to the government's request that the exhibit be redacted to delete a portion of the exhibit that referred to the fact that Daniels was convicted of shooting someone when he was nineteen years, and he insisted that the entire document be entered into evidence. Moreover, Daniels specifically stated that he waived his right to argue against the admission of the exhibit as a basis for appeal. He also encouraged the jury to examine the writing during its deliberation.

Accordingly, the district court did not abuse its discretion in admitting the document into evidence. *See, e.g.*, *United States v. Sloman*, 909 F.2d 176, 182 (6th Cir. 1990) ("An attorney cannot agree in open court with a judge's proposed course of conduct and then charge the court with error in following that course."). Moreover, the district court's decision to admit the evidence was not an abuse of its discretion under Rule 16. Rule 16 does not require exclusion of evidence that is disclosed late, and affords the district court discretion in addressing such issues. *See, e.g.*, *United States v. White*, 985 F.2d 271, 276 (6th Cir. 1993) (holding that the district court's decision to grant a one-week continuance was not an abuse of discretion when defendant learned of undisclosed evidence three days before trial).

**D. Daniels's Sentence**

"We review a district court's sentencing determination for reasonableness under a 'deferential abuse-of-discretion standard.'" *United States v. Petrus*, 588 F.3d 347, 351 (6th Cir. 2009) (quoting *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007)). Our reasonableness review has two components: procedural and substantive. *Bolds*, 511 F.3d at 578 (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)).

Daniels argues that his sentence was procedurally unreasonable because the district court did not make a finding that he was responsible for in excess of 1.5 kilograms of cocaine. In determining whether a sentence is procedurally reasonable, we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51.

Federal Rule of Criminal Procedure 32(i)(3)(B) states that "[a]t sentencing, the court . . . must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed. R. Crim. P. 32(i)(3)(B). We require "literal compliance" with Rule 32. *United States v. Clark*, 254 F. App'x 528, 536 (6th Cir. 2007) (referring to amended Rule); *see also United States v. Hurst*, 228 F.3d 751, 760 (6th Cir. 2000) (referring to Rule before the 2002 amendment). Although we review the district court's finding of facts concerning drug quantities for clear error, "[T]he district court must set forth the

evidence upon which it relies and make specific findings that are supported by a preponderance of the evidence." *United States v. Long*, 190 F.3d 471, 478 (6th Cir. 1999). "[T]o ensure that sentencing is based on reliable facts found by the court itself after deliberation, a court may not merely summarily adopt the factual findings in the presentence report or simply declare that the facts are supported by a preponderance of the evidence." *United States v. Tarwater*, 308 F.3d 494, 518 (6th Cir. 2002).

There are two potential procedural errors in Daniels's sentencing. First, it is unclear from the record that the district court made a finding regarding drug quantity. Despite the fact that Daniels clearly disputed the drug quantity attributed to him and the fact in dispute affected his base offense level, the district court never directly addressed this argument. Instead, without any further argument on the subject, the district court eventually stated:

> I have read the memoranda and I have discussed this matter with the probation officer, and I have what has been written back and forth between the Government and the probation officer, and I am satisfied and rule that the calculation of the offense level and the consequent sentencing guidelines as it appears in the presentence investigation report is as close to accurate as we can get in these things.

> And I find that the facts set out in the presentence report and used in the calculation of the offense level and the criminal history category are accurate, and that the calculation itself of the sentencing guidelines is accurate.

The jury found that Daniels was responsible for 50 grams of cocaine base, well below the 1.5 kilograms for which he was sentenced. Because Daniels disputed the presentence report's finding that he was responsible for in excess of 1.5 kilograms, the district court was required to make a particularized finding as to the drug quantity. *See* Rule 32(i)(3)(B); *Clark*, 254 F. App'x at 536.

Even if the district court implicitly found that Daniels was responsible for at least 1.5 kilograms of cocaine, it did not provide any explanation for such a conclusion, apart from its reliance on the presentence report. The district court's failure to make a particularized finding and to set forth the reasons for that finding is procedurally unreasonable. *See Clark*, 254 F. App'x at 536 ("[T]he record is too ambiguous to demonstrate literal compliance with Rule 32, as no factual explanation, however brief, accompanied the purported ruling.") Accordingly, we remand for resentencing.

## III. CONCLUSION

For the reasons stated above, we **AFFIRM IN PART, REVERSE IN PART,** and **REMAND** for resentencing.