NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1213n.06

**No. 11-1821**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Nov 21, 2012*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| AHMAD K. DANIELS, | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: MOORE and COOK, Circuit Judges; BERTELSMAN, District Judge.[*]

COOK, Circuit Judge.  A jury convicted Ahmad Daniels of three drug offenses and a related firearm crime, in violation of 21 U.S.C. §§ 841(a)(1), 846 and 18 U.S.C. §§ 2, 922(g)(1).  Following resentencing on remand, Daniels challenges the district court's 262-month sentence, disputing both its procedural and substantive reasonableness.  We AFFIRM.

We previously vacated Daniels's sentence because the district court failed to articulate its drug-quantity finding.  *See United States v. Daniels*, 396 F. App'x 257, 261–62 (6th Cir. 2010).  On remand, the district court found Daniels responsible for ten kilograms of cocaine base.  It premised this determination on a coconspirator's testimony that Daniels made at least twenty trips to Detroit,

---

[*]The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

obtaining half a kilogram of cocaine base each time. Though this finding produced a Guidelines range of 324 to 405 months' imprisonment, the court varied downward and reinstated the original 262-month sentence. Daniels timely appeals, objecting to both the drug-quantity finding and the disparity between his sentence and the lesser sentence received by his coconspirator. Reviewing his sentence under a deferential abuse-of-discretion standard, *see Gall v. United States*, 552 U.S. 38, 51 (2007), we reject both arguments.

Daniels's drug-quantity objection, though styled as a substantive-reasonableness challenge, presents a procedural-reasonableness issue. *See, e.g.*, *United States v. Tarpley*, 295 F. App'x 11, 15 (6th Cir. 2008). We review the district court's drug-quantity findings for clear error. *United States v. Campbell*, 317 F.3d 597, 604 (6th Cir. 2003). Daniels argues without explanation that the district court erred in relying on his coconspirator's testimony, and criticizes the district court for not making "particularized findings." Yet we will sustain the district court's drug-quantity estimate if supported by a preponderance of the evidence, *United States v. Jeross*, 521 F.3d 562, 570 (6th Cir. 2008), and "[t]estimonial evidence from a co-conspirator may be sufficient to determine the amount of drugs for which a defendant should be held accountable, even where the co-conspirator has . . . receive[d] a reduced sentence as a result of his or her testimony," *United States v. Henley*, 360 F.3d 509, 516 (6th Cir. 2004) (citations omitted). The record reflects that the court made a conservative drug-quantity estimate supported by competent evidence. We find no error, let alone clear error, with this finding.

We likewise reject Daniels's substantive-reasonableness challenge. Within-Guidelines sentences are presumptively reasonable, *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc), and that presumption carries even greater weight for below-Guidelines sentences like this one, *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008) ("[S]imple logic compels the conclusion that . . . defendant's task of persuading us that the more lenient sentence [below the Guidelines range] is unreasonably long is even more demanding." (citation omitted)). Daniels's argument—that he deserved a more lenient sentence than his more culpable coconspirator—fails to overcome this presumption. Contrary to Daniels's suggestion that the district court treated him unfairly, "[d]isparities between the sentences of coconspirators can exist for valid reasons, such as . . . one coconspirator's decision to plead guilty and cooperate with the government." *United States v. Conatser*, 514 F.3d 508, 522 (6th Cir. 2008) (citations omitted). In this case, his coconspirator cooperated with the government and testified at Daniels's trial, and the court granted a downward departure accordingly. Thus, the coconspirator's lesser sentence does not render Daniels's below-Guidelines sentence substantively unreasonable.

For these reasons, we AFFIRM.