**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0174n.06
Filed: March 2, 2007

**05-2252**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| DONTAY DARNELL TYLER, | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

Before: MERRITT, DAUGHTREY, and GRIFFIN, Circuit Judges.

PER CURIAM. The defendant, Dontay Darnell Tyler, appeals the 72-month sentence he received following his guilty plea to a charge of robbing a federally-insured credit union. He claims that his sentence was both procedurally and substantively unreasonable because the district court failed to consider his contentions that the non-threatening nature of his crime, his family history, and his desire to improve himself warranted a lower sentence. The Government argues that the district court adequately considered the relevant sentencing factors and that the sentence was reasonable under all the circumstances, as required by *United States v. Booker*, 543 U.S. 220 (2005). We agree, and we therefore affirm the district court's sentencing order.

Tyler pleaded guilty to the offense of "robbing [the credit union] . . . by using force and intimidation." After a three-level reduction for acceptance of responsibility, his offense level was calculated at 19. The presentence report indicated that the defendant had a total of three juvenile convictions and nine previous adult convictions, as well as multiple citations for a series of parole violations. When additional points were added because Tyler was on parole for previous sentences at the time of the credit union robbery, and because he committed the offense "less than two years following [his] release from custody," *see* U.S. SENTENCING GUIDELINES MANUAL § 4a1.1(d), (e) (2006), Tyler was assigned a total of 14 criminal history points, putting him in a criminal history category VI and resulting in an advisory guideline range of 63 to 78 months.

Tyler submitted a sentencing memorandum that urged the district court to "give Tyler a sentence long enough to ensure that he receives the drug treatment that he needs, but no longer." The conclusion of the memorandum specifically requested two bulleted items: that the court recommend Tyler for the 500-hour residential drug treatment program provided by the Bureau of Prisons (BOP) and that the court recommend his designation to a prison near his mother and sister, requests that were reiterated at the sentencing hearing. Tyler also spoke on his own behalf at the hearing, asking to be allowed to serve his sentence at a specific facility in New Jersey because of the vocational training opportunities and the drug treatment program that it afforded and because it was located near his family. Tyler told the district judge that he had committed the robbery impulsively

"to obtain drugs" and that he was aware he had an addiction problem and needed to address it. His counsel also requested:

> I would ask the Court to measure [Tyler's crime] against all the other types of bank robberies the Court sees from day to day, and place it on a scale there. There were no weapons involved, there were no injuries involved. It appears to me to have been a very impulsive offense. And . . . I would ask the Court to show some mercy toward this person.

After the defendant and his counsel spoke, the district court sentenced Tyler based on the sentencing guidelines, commenting: "A sentence within the guideline range does appear to be reasonable and fair and just in this case, and in accordance with the factors of 18 U.S.C. § 3553. Accordingly, the Court will utilize the advisory guidelines." The court explained that it would impose a 72-month sentence rather than "a sentence lower in the guideline range because of the repeated violations of the defendant, including violations of probation or parole when he has been released previously from state custody." In response to Tyler's requests, the court also included a recommendation that he participate in the BOP's 500-hour residential drug treatment program and "that he be assigned to Fairton, New Jersey, to participate in the drug program, vocational training, and be near his family."

Despite the fact that there were no objections raised at the sentencing hearing, other than defense counsel's contention that his client's criminal history score overstated the seriousness of his record to date (an issue that was resolved against the defendant and is not in dispute on appeal), the defendant now claims that he is entitled to a new

sentencing hearing because the sentence imposed by the district court was "unreasonable" under *Booker*. This claim is based largely on the district court's failure to address and specifically to factor into his sentence what the defendant now describes as the "mitigating information" summarized in his attorney's brief plea for mercy, *i.e.*, the relatively benign circumstances of the offense, as well as the defendant's family situation and his desire to improve himself. The defendant contends that this omission violated our holding in *United States v. Richardson*, 437 F.3d 550 (6th Cir. 2006).

We conclude that the defendant has read too much into our opinion in *Richardson*. There we observed that the rebuttable presumption of reasonableness that attaches to a sentence within the applicable guideline range "does not relieve the sentencing court of its obligation to explain to the parties and the reviewing court its reasons for imposing a particular sentence," *i.e.*, Its "obligation . . . to communicate clearly its rationale" for the sentence. *Id.* at 553, 554 (quoting *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006)). And, in *dicta*, we further suggested that "[w]here a defendant raises a particular argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant's argument and that the judge explained the basis for rejecting it." *Id.* at 554.

In this case, the district court's sentencing procedure was in full compliance with both the holding and the *dicta* in *Richardson*. The only "particular argument" that the defendant raised prior to and at the sentencing hearing was his contention that his criminal

- 4 -

history score overstated the seriousness of his record. The district court considered that argument, found the objection to be without merit, and fully explained its reasoning on the record. When asked near the conclusion of the hearing, just prior to imposition of the sentence, whether there were any other concerns about the sentence proposed by the district court, both defense counsel and the defendant responded in the negative. At no point did anyone suggest to the district judge that he had failed to address defense counsel's brief plea for mercy specifically. Not only was any further objection to the sentence therefore waived at that point, but there clearly was no procedural violation under *Richardson*.

The record in this case, much like that in *Richardson*, reflects that the district court considered the factors in 18 U.S.C. § 3553(a), as required by *Booker*, and fully articulated the reasons for imposing a 72-month sentence on the defendant, including the nature and circumstances of the offense, the defendant's criminal history and other characteristics, the fact that his record reflected multiple convictions for increasingly serious crimes and a pattern of recidivism, the defendant's addiction and need for enrolment in a residential drug rehabilitation program, his request for a facility with vocational training and for assignment to a facility near his family. Given this record, we cannot say that the district court "simply selecte[d]" what it viewed as "an appropriate sentence," as condemned in *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005) (citing *Booker*, 543 U.S. at 245-46). Instead, the record reflects that the court carefully considered the § 3553(a) factors and explained

its reasons for arriving at the defendant's sentence, as required by *Booker* and its Sixth

Circuit progeny.

      For the reasons set out above, we AFFIRM the judgment of the district court.