NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0416n.06
Filed: June 19, 2007

No. 06-3458

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | C O U R T   F O R   T H E |
| v. | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| JOSEPH PETTIE, | ) | |
| | ) | **O P I N I O N** |
| Defendant-Appellant. | ) | |

BEFORE:   COLE and McKEAGUE, Circuit Judges; and COHN, District Judge.[*]

**McKEAGUE, Circuit Judge.**  Joseph Pettie received a 77-month sentence of imprisonment for being a felon in possession.  The sentence is at the bottom of the advisory United States Sentencing Guidelines (the "Guidelines") range.  On appeal, Pettie contends that the district court failed to consider several of his arguments for a lesser sentence, resulting in an unreasonable sentence under *United States v. Booker*.  For the reasons set forth below, we affirm.

# I

Pettie pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  Based on his prior drug trafficking offenses, his base-offense level under the Guidelines equaled 24.  He received a three-level reduction for acceptance of responsibility, resulting in a total-

---

[*]The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

offense level of 21. With a criminal history category of VI, his advisory Guidelines sentencing range totaled 77 to 96 months of imprisonment.

Pettie sought a sentence below the advisory Guidelines range. He pointed out the following to the district court: (a) his good behavior since pleading guilty; (b) his role as primary care giver to his parents, who were in poor health; (c) his own poor health; and (d) his fiancee's assistance in helping him to transition into the community upon his release. The Government responded that he should receive a within-Guidelines range sentence, given his seven prior criminal convictions for drug and firearm offenses. It further took the position that his parents' health problems did not warrant a lower sentence.

In announcing Pettie's sentence, the district court judge explained:

I have listened to both counsel, and of course to Mr. Pettie, and I have reviewed the thorough pre-sentence report.

As I mentioned earlier, the Guidelines are now only advisory. However, the Court must consult them, and in essence, start there in its analysis, and ultimately consider all the facts and circumstances of this particular offense, the nature, qualities, and characteristics of this particular defendant, and impose a sentence which is reasonable and appropriate to meet the four statutory objectives of sentencing set out in Title 18, Section 3553(a) which are punishment, deterrence, rehabilitation and protecting the community.

In this case, I conclude that a sentence within the advisory Guideline range is reasonable and appropriate. Mr. Pettie has a 20-year history of drug and weapons offenses. He has a very sporadic work history. In his latest offense, he had both a gun and drugs when he was arrested.

I will exercise my discretion and impose a sentence at the low end of the advisory Guidelines range. I think that that is reasonable and appropriate, and is not more—that sentence is not more harsh than necessary to accomplish the purposes of sentencing.

So I will sentence you to 77 months custody of the Attorney General. That will be followed by a three-year period of supervised release. . . .

\* \* \*

And as Mr. Thompson mentioned, I take particular note of your [fiancee] being present in Court. I know it is hard for her to be here, probably not so easy for you to have her here, but you are fortunate. As your lawyer said, a lot of people come in here alone and leave alone, so you are fortunate to have her support.

**II**

Pettie pursues one claim on appeal: whether the district court imposed an unreasonable sentence because it failed to address specifically his request for a lower sentence based on his poor health, the poor health of his parents, and the availability of his fiancee to assist him to transition back into the community upon his release.[1] The Government argues that the district court provided a sufficient explanation of the sentence to enable appellate review.

Under *United States v. Booker*, 543 U.S. 220 (2005), the district court and the appellate court have distinct roles in sentencing. The district court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of 18 U.S.C. § 3553(a)(2). 18 U.S.C. § 3553(a); *Booker*, 543 U.S. at 260. The appellate court, on the other hand, must determine whether a sentence is reasonable. *Booker*, 543 U.S. at 261-62. In effect, "[r]easonableness is the *appellate* standard of review in judging whether a district court" has fulfilled its mandate under 18 U.S.C. § 3553(a).

---

[1]In his argument on appeal, Pettie does not reference his good behavior prior to sentencing.

*United States v. Collington*, 461 F.3d 805, 807-08 (6th Cir. 2006) (emphasis in original) (quoting *United States v. Foreman*, 436 F.3d 638, 644 n.1 (6th Cir. 2006)).

The reasonableness test has substantive and procedural components. Focusing on the procedural component, Pettie contends that the district court failed to consider several of his arguments for a lesser sentence. To ensure procedural reasonableness, this court asks whether the district court appreciated the advisory nature of the Guidelines, correctly calculated the applicable Guidelines range, and considered the Guidelines range along with the other relevant § 3553(a) factors in crafting a sentence. *United States v. Davis*, 458 F.3d 491, 495 (6th Cir.), *petition for cert. filed* (U.S. Nov. 13, 2006) (No. 06-7784).

There is no question in this case that the district court correctly calculated the applicable Guidelines range, nor is there any question that it appreciated the advisory nature of the Guidelines. Thus, Pettie's within-Guidelines range sentence is afforded a rebuttable presumption of reasonableness. *United States v. Williams*, 436 F.3d 706, 708 (6th Cir.), *petition for cert. filed* (U.S. July 11, 2006) (No. 06-5275). To succeed on his claim, therefore, Pettie "must show that the district court made sufficient errors in applying (or failing to apply) the remaining sentencing factors such that his sentence was unreasonable, even though his sentence fell within the correctly calculated Guidelines range." *United States v. Gale*, 468 F.3d 929, 937 (6th Cir. 2006), *petition for cert. filed* (U.S. Feb. 20, 2007) (No. 06-1157).

This court considered a similar claim made by a criminal defendant in *United States v. Gale*. In that case, the defendant argued that a district court's sentence was unreasonable because that court

had not addressed each and every claim he had made for a lesser sentence. On appeal, this court

rejected that argument:

> To enable us to review the reasonableness of a sentence, all we require of the district court is to "articulate[] its reasoning sufficiently to permit reasonable appellate review." *Williams*, 436 F.3d at 709. "[A] sentencing judge must explain to the parties and the reviewing court its reasons for imposing a particular sentence." [*United States v.*] *Jones*, 445 F.3d [865,] 871 [(6th Cir.), *cert. denied*, 127 S. Ct. 251 (2006)]. When a district court adequately explains *why* it imposed a particular sentence, especially one within the advisory Guidelines range, we do not further require that it exhaustively explain the obverse—*why* an alternative sentence was *not* selected—in every instance. *Jones*, 445 F.3d at 871; *see also United States v. Fernandez*, 443 F.3d 19, 30 (2d Cir. 2006) ("[W]e will not conclude that a district judge shirked her obligation to consider the § 3553(a) factors simply because she did not discuss each one individually or did not expressly parse or address every argument relating to those factors that the defendant advanced."), *cert. denied*, — U.S. —, 127 S. Ct. 192, — L.Ed.2d — (2006).
>
> Of course, there may be a case in which a district court provides little, if any, affirmative indication that it considered all of the relevant sentencing factors and evidence when it sentenced a defendant. When, on appeal, a defendant's argument and supporting evidence presents an arguably meritorious claim for a lesser sentence, but there is little to suggest that the district court actually considered it, then remand may be appropriate. *See, e.g.*, *United States v. Cunningham*, 429 F.3d 673, 679-80 (7th Cir. 2005).
>
> \* \* \*
>
> As for the arguments the district court did not expressly address, it was not required to do so. "A sentencing judge has no more duty than we appellate judges do to discuss every argument made by a litigant; arguments clearly without merit can, and for the sake of judicial economy should, be passed over in silence." *Cunningham*, 429 F.3d at 679-80; *see also United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006) (explaining that to comply with the obligation to consider the relevant sentencing factors, a "court need not discuss every argument made by a litigant if an argument is clearly without merit").

*Id.* at 940 (emphasis in original).[2]

A review of the district court judge's reasoning confirms that Pettie's sentence was procedurally reasonable. The district court judge began by explaining that he had listened to counsels' arguments, reviewed the presentence report, and considered the relevant sentencing factors. He recognized his duty to impose a sentence "sufficient, but not greater" (or, in his words, "more harsh") "than necessary to comply with the purposes" of 18 U.S.C. § 3553(a)(2). Although not required to do so, *United States v. Dexta*, 470 F.3d 612, 615 (6th Cir. 2006), *petition for cert. filed* (U.S. Feb. 27, 2007) (No. 06-9826), he also summarized the various sentencing factors listed in that subsection—"punishment, deterrence, rehabilitation and protecting the community."

---

[2]Pettie relies upon *United States v. Richardson*, 437 F.3d 550 (6th Cir. 2006), for the proposition that a district court must address on the record each argument made for a lower sentence. He reads too much into the holding of *Richardson*. The court held in that case that "[e]ven when selecting a presumptively reasonable sentence within the Guidelines range, a district court must 'articulate[] its reasoning sufficiently to permit reasonable appellate review, specifying its reasons for selecting' the specific sentence within that range." *Id.* at 554 (quoting *Williams*, 436 F.3d at 709). It then went on to declare that "[w]here a defendant raises a particular argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant's argument and that the judge explained the basis for rejecting it." *Id.* Doing so would "assure[] not only that the defendant can understand the basis for the particular sentence but also that the reviewing court can intelligently determine whether the specific sentence is indeed reasonable." *Id.*

Subsequent decisions by this court have cautioned against reading *Richardson* too broadly. The defendant in *Richardson* had not pointed to any specific arguments that the district court failed to address during the sentencing hearing. Thus, the matter was not before the court on appeal, and its declaration that a district court "must" explain the basis for rejecting each argument made by a defendant was *dicta. See, e.g.*, *United States v. Feazell*, No. 06-1147, 2007 WL 675659, at *3 (6th Cir. Mar. 7, 2007) (unpublished) ("Contrary to [the defendant's] suggestion, our decision in *United States v. Richardson*, 437 F.3d 550 (6th Cir. 2006), does not compel district courts to address every argument the defendant raises—no matter how non-meritorious or undeveloped it is—in imposing a sentence."); *United States v. Tyler*, No. 05-2252, 2007 WL 634436, at *2 (6th Cir. Mar. 2, 2007) (unpublished) (describing *Richardson*'s declaration as "*dicta*").

As to Pettie's own health problems, defense counsel did not argue that the defendant could not receive adequate medical care in prison, a factor under § 3553(a)(2)(D). Instead, counsel argued that, as one of Pettie's physical characteristics, his ill-health warranted leniency in the form of a lower sentence.[3] Counsel also listed as one of Pettie's "admirable traits" the fact that he cared for his parents. However, it is clear that the district court judge did consider Pettie's "history and characteristics" (§ 3553(a)(1)) in fashioning his sentence, but focused on his 20-year history of drug and weapons offenses and sporadic work history, rather than his own and his parents' poor health. The district court judge further considered "the nature and circumstances of the offense" (§3553(a)(1))—the possession of a gun—as well as the possession of drugs, which "reflect[s] the seriousness of the offense" and the need to "provide just punishment for the offense" (§ 3553(a)(2)(A)).

While the district court judge did not explicitly discuss the impact that Pettie's sentence would have on his parents, he was not required to do so for our review. It is not uncommon for criminal defendants to have people—children, parents, spouses, siblings, etc.—who depend on them for care and support. Unfortunately, "'tragedy is a regular consequence of criminal conduct,' both for the victims and the defendant's own family." *Gale*, 468 F.3d at 939 (quoting *United States v. Cage*, 458 F.3d 537, 539 (6th Cir. 2006)). This type of regular, recurring circumstance need not be discussed by a judge each and every time it is raised by a criminal defendant, especially in the

---

[3]In reference to Pettie's own health, counsel further argued that the Federal Bureau of Prisons could face an "increased cost" to care for him. Not only does this consideration not fit into any of the sentencing factors listed in 18 U.S.C. § 3553(a), it also would apply to all prisoners generally, and all prisoners with medical problems specifically.

absence of some further development suggesting an exceptional hardship. Moreover, even had the district court judge ordered a lower custodial sentence, Pettie would still have had to make arrangements for his parents' medical care for the period of his incarceration. Thus, fewer months in prison would not have eliminated the quandary in which Pettie's criminal activity put his parents.

As to Pettie's fiancee, the district court judge took "particular note" that she was present in the courtroom, and explained that the defendant was "fortunate to have her support." Thus, it is clear that the district court judge did consider her support of Pettie, even if the judge did not explicitly discuss such support within the context of Pettie's eventual release from prison.

Accordingly, we find that the district court judge adequately articulated the grounds for Pettie's sentence to permit appellate review. Pettie has not shown that the district court judge failed to consider a meritorious argument for a lesser sentence, let alone an argument which would rebut the presumption of reasonableness of a within-Guidelines sentence.

**III**

For the foregoing reasons, we AFFIRM Pettie's sentence.