NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0004n.06

No. 08-6129

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Jan 05, 2010**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| DORRYL GREER a/k/a Doyle Greer, | ) | **O P I N I O N** |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE:     SUHRHEINRICH, McKEAGUE, and KETHLEDGE, Circuit Judges.

**McKeague, Circuit Judge.**  In this sentencing case, Dorryl Greer appeals his sentence as being procedurally unreasonable due to the district court's failure to adequately explain its reasons for rejecting his request for a downward variance, as required by the Sentencing Guidelines.  Finding no plain error in the sentence imposed, we **AFFIRM**.

**I.**

Defendant Greer was the passenger in a vehicle that officers stopped after they observed suspected drug activity and noticed that neither of the vehicle's occupants were wearing seatbelts.  As part of the stop, officers asked Greer to keep his hands on the dashboard while they apprehended the driver.  The officers initially became concerned about Greer after he moved his hands off the dashboard and towards his lap multiple times during the stop.  After they detained the car's driver, the officers

attempted to remove Greer from the vehicle through the passenger door, but they were unable to open this door. Instead, Greer exited through the driver's side door, and a struggle ensued between Greer and the officers. One of the officers noticed a gun in Greer's waistband and yelled "Gun!" to alert the other officer. Both Greer and the officer reached for the gun at the same time, and the struggle continued for the weapon. According to Greer's testimony, he reached for the gun out of fear and the desire throw it from his person. Additional officers soon arrived on the scene, and Greer was eventually subdued with the aid of pepper spray.

Greer pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The Pre-Sentence Investigation Report recommended a prison sentence of 84 to 105 months, based on a total offense level of 25 and a criminal history category of IV. Prior to imposing the sentence, the district court conducted a sentencing hearing held on two separate days, at which time the arresting officers and Greer testified. In addition, a firearms expert gave information on the type of firearm and magazine found in Greer's possession, which were capable of shooting large amounts of rounds in a short period of time. Before testimony was heard, Greer's attorney gave the district court numerous letters written on Greer's behalf, which detailed Greer's good behavior during his incarceration and his participation in educational opportunities. In response to the letters, the district court acknowledged that Greer had "a good experience" and "accomplishments" while awaiting sentencing. The court also noted that Greer had experienced a "big change" "real quickly." During the hearing, one of the officers testified that Greer had provided authorities with information regarding auto theft and drug trafficking, activities in which members of his family had engaged. In addition, Greer testified that he did not intend to hurt anyone when he reached for the gun. He also testified that

he carried the gun out of fear for his safety because he had been the victim of a recent robbery in which the assailant had fired shots at him. He further testified that he attended church, wrote gospel music, and worked two jobs. During Greer's testimony, his attorney again mentioned the letters detailing Greer's good work and changed behavior and showed them to the court. The court again acknowledged the letters and noted that Greer's time had been "well spent." Greer made a final plea to the court for leniency given that he provided care and financial assistance to his ailing mother. Greer's family apparently was not present in the court while this testimony was heard. Instead, his attorney requested that the family be let into the courtroom at the close of testimony.

Prior to the court imposing the sentence, Greer's attorney requested a downward variance from the Guidelines and suggested a sentence of 70 months. To support the variance request, Greer's attorney listed the following factors: the recent robbery that caused Greer to fear for his safety and carry the gun; the two level enhancement used to calculate the sentence range due to the type of weapon and magazine; the fact that Greer did not intend to hurt the officers; the progress that Greer had made since his previous incarceration; and the other factor that his attorney "talked about . . . prior to the family . . . coming in." (Sentencing Hearing Tr. 79–80, Sept. 18, 2009.) As to this last factor, the district court replied, "Well, I understand."

In an oral decision encompassing nearly ten transcript pages, the district court acknowledged Greer's request for a variance and also noted the objectives of "18 USC Section 3553." (Sentencing Hr'g Tr. 86, Sept. 18, 2009.) The court listed the following factors weighing in favor of the 84-month sentence that it imposed: the seriousness of possessing a firearm and magazine capable of firing a large number of rounds; Greer's lengthy criminal history which included a prior weapons violation; the

importance of protecting the public; the deterrent effect of sentencing; and the seriousness of the altercation with the police officers. The district court also acknowledged that Greer had made progress in his life and worked two jobs. Finally, the district court noted that this type of behavior would normally be sentenced at the higher end of the Guidelines range due to the seriousness of Greer's actions, but that Greer was receiving a sentence at the low end of the range due to his efforts to change his life and due to the factor "[his] counsel alluded to." (Sentencing Hr'g Tr. 89, Sept. 18, 2009.) At the end of the hearing the district court asked, "Any objection from either side?" Greer's attorney responded, "No, Your Honor." Greer now appeals his sentence, claiming that it is procedurally unreasonable because the district court failed to address all of his arguments in favor of a downward variance and failed to adequately explain its reasons for imposing the sentence.

**II.**

We review the reasonableness of a sentence for an abuse of discretion. *United States v. Lapsins*, 570 F.3d 758, 772 (6th Cir. 2009). This review has both a procedural and substantive component. *Id.* In this case, Greer alleges procedural unreasonableness only. "A sentence may be held procedurally unreasonable if it is marked by 'significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.'" *United States v. Houston*, 529 F.3d 743, 753 (6th Cir. 2008) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).

If the district court properly asks for objections after imposing the sentence and the defendant fails to object, then we review the sentence for plain error. *United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008) (en banc). Under the plain error standard, a defendant must show "(1) error, (2) that was obvious or clear, (3) that affected defendant's substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *Id.* at 386 (internal quotations omitted). In this case, the district court asked whether Greer had any objections after sentencing, and Greer's counsel replied "No." Thus, we review Greer's sentence for plain error. *See id.*

Under the Sentencing Guidelines, a district court must state the reasons for the imposition of a particular sentence. 18 U.S.C. § 3553(c); *United States v. Grams*, 566 F.3d 683, 686 (6th Cir. 2009) (per curiam). While the district court is not required to discuss each statutory factor in imposing a sentence, it must provide an explanation that indicates an individualized assessment of the facts and allows for reasonable appellate review. *United States v. Gapinski*, 561 F.3d 467, 474 (6th Cir. 2009). The record must indicate that the district court was fully aware of and considered all of the defendant's arguments. *Id.*

In this case, Greer does not contend that the district court failed to consider the Guidelines range or the relevant § 3553(a) factors. Rather, he argues procedural unreasonableness solely on the basis of the district court's failure to address some of his arguments in favor of a downward variance. Greer specifically argues that the district court failed to address and explicitly reject his argument that he (1) had cooperated with authorities, (2) needed to care for his ailing mother, and (3) was the victim of a prior armed robbery. Our recent decision in *United States v. Simmons*, 587 F.3d 348 (6th Cir. 2009), provides guidance in this case. In that case, the defendant requested a downward variance due

to the disparate treatment under the Guidelines between crack cocaine and powder cocaine. *Id.* at 360. The district court did not explicitly respond to this argument in sentencing. *Id.* The *Simmons* court noted that generally the district court must address arguments that are clearly presented during sentencing. *Id.* at 361. However, this requirement is circumscribed when the court evaluates legal arguments, rather than factual disputes. *Id.* at 362. Further, "[w]here a party makes a conceptually straightforward legal argument for a lower sentence under one of the § 3553(a) factors, the district court's decision not to address the party's argument expressly is not an error when the court otherwise discussed the specific factor and appears to have considered and implicitly rejected the argument." *Id.* Based on this analysis, the *Simmons* court determined that the district court did not commit plain error by failing to respond to the defendant's argument regarding the sentencing disparity between crack cocaine and powder cocaine. *Id.* at 363.

In evaluating Greer's claims under the guidance of *Simmons*, it is clear that the district court's failure to specifically respond to each of Greer's arguments does not amount to plain error. Under his first argument, Greer claims that the district court erred in failing to respond to his argument that he provided authorities with information regarding his family's criminal behavior. In requesting a downward variance, Greer's attorney referenced Greer's assistance by noting the other factor "talked about . . . prior to the family . . . coming in." (Sentencing Hr'g Tr. 79–80, Sept. 18, 2009.) The district court specifically addressed this argument by telling Greer that his sentence was at the low end of the Guidelines range in part due to the factor that "your counsel alluded to earlier." (Sentencing Hr'g Tr. 89, Sept. 18, 2009.) It is clear from the sentencing transcript that Greer's attorney did not want to specifically mention the information Greer provided about his family's criminal activity while his

family was in the courtroom. Thus, both Greer's attorney and the district court alluded to this factor without discussing it in specific detail. This was not plain error on the part of the district court.

Under his second argument, Greer claims that the district court failed to respond to his argument that he provided support to his ailing mother. Greer's attorney did not specifically ask for a downward variance due to Greer's assistance to his sick mother. Rather, this information was presented more generally in the form of a letter from Greer's mother and the testimony of Greer himself. The district court twice acknowledged the letters submitted on Greer's behalf. Further, after Greer himself pleaded for leniency in part due to his ailing mother, the district court responded, "I understand, I understand." (Sentencing Hr'g Tr. 53–54, Sept. 18, 2009.) Finally, it is not plain error when the district court fails to address a conceptually straightforward argument so long as the record is clear that the district court considered the argument and implicitly rejected it. *Simmons*, 587 F.3d at 362. Given that the district court acknowledged Greer's argument regarding his mother on three separate occasions, it is clear from hearing transcript that the court considered Greer's argument and implicitly rejected it.

Under his third argument, Greer claims that the district court failed to respond to his argument that he was carrying the gun because he had been the victim of a recent armed robbery. While the district court did not specifically discuss the armed robbery when imposing the sentence, at an earlier point in the hearing the court did mention the "incident in 2007" and noted that it was a "bad scene" and that Greer had reported it to the police. (Sentencing Hr'g Tr. Sept. 18, 2008 73–74.) These references make clear that the district court considered this argument, as required by our precedent. *See Gapinski*, 561 F.3d at 474.

As a final matter, Greer urges that this court's decision in *United States v. Buffington*, 310 F. App'x 757 (6th Cir. 2009), governs the outcome in his case because in that case the sentence was held to be procedurally unreasonable after the district court failed to respond to three of the defendant's arguments for a downward variance. To begin with, we look to unpublished decisions for their persuasive value only. *Longaberger Co. v. Kolt*, 586 F.3d 459, 468 (6th Cir. 2009). Given the abundance of published authority on this issue, *Buffington*'s persuasive value is diminished. Further, *Buffington* is distinguishable from the case at bar and therefore does not dictate the outcome of this case. First, it is unclear from reading *Buffington* whether the plain error standard of review applied. *See* 310 F. App'x at 762 (explaining that the court reviews a sentence for "reasonableness"). Given Greer's failure to object to the sentence after prompted by the district court, his case clearly falls under the plain error standard of review. *See Vonner*, 516 F.3d at 385. Second, it is equally unclear from reading *Buffington* whether the arguments were presented to the district court in the same manner that the arguments were presented in this case. As explained above, Greer did not specifically raise all of his arguments in the context of asking for a downward variance. And the district court responded to the arguments in the same manner that Greer's attorney argued them. Thus, it is clear from the sentencing transcript in this case that the district court "considered and implicitly rejected" all of Greer's arguments for a downward variance. *Simmons*, 587 F.3d at 362.

**III.**

For the foregoing reasons, we **AFFIRM** the sentence imposed by the district court.