NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0751n.06

No. 08-5797

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| **JASPER TEMPLE**, | ) | **O P I N I O N** |
| | ) | |
| *Defendant-Appellant*. | ) | |

BEFORE:  GILMAN and COOK, Circuit Judges; and OLIVER, District Judge.[*]

**SOLOMON OLIVER, JR., Chief District Judge.**  Defendant-Appellant, Jasper Temple ("Temple"), appeals from his 327-month sentence imposed in the Western District of Tennessee for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  For the following reasons, we **VACATE** Temple's sentence and **REMAND** the case for resentencing consistent with this opinion.

## I.  FACTUAL AND PROCEDURAL HISTORY

On January 19, 2006, a federal grand jury returned an indictment charging Temple with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  Trial commenced on August 13, 2007.  During the course of the trial, on August 14, 2007, Temple decided to, and did, enter a plea of guilty.

---

[*] The Honorable Solomon Oliver, Jr., United States Chief District Judge for the Northern District of Ohio, sitting by designation.

On June 19, 2008, the district court held a sentencing hearing. Since Temple had not submitted to an interview by the Probation Office prior to the issuance of the report, his counsel requested that he be able to supplement the record during the sentencing hearing. As a consequence, Temple testified at sentencing. At that hearing, Temple's counsel made two mitigation arguments. First, Temple's counsel requested the court to consider his difficult upbringing. Second, Temple's counsel asked the court to consider his decision to plead guilty as evidence that he had accepted responsibility. (*Id.*) The government, in its written submission regarding Temple's sentence, recommended a sentence at the high end of the applicable advisory guideline range. During the sentencing hearing, the government attorney stated "that Guideline Range punishment is appropriate in this case."

The district court determined that Temple was subject to an enhanced penalty as an Armed Career Criminal because his record revealed at least three qualifying felony convictions. As a result, his base offense level was 34, which combined with a Criminal History Category of VI, resulted in a Sentencing Guidelines range of 262 months to 327 months. The district court found that Temple was not entitled to a reduction of his offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. The court stated that Temple showed no remorse for his actions. Specifically, the district court referenced a letter received from Temple after he pled guilty, in which he "continue[d] to advocate and argue his innocence." Thereafter, the district court sentenced Temple to 327 months' incarceration, the high end of the Guideline Range, followed by 3 years of supervised release.

Temple appealed, alleging that the district court abused its discretion when it imposed the maximum sentence available under the Sentencing Guidelines, and that as a result, his sentence was procedurally and substantively unreasonable.

## II.  STANDARD OF REVIEW

The issue of whether a sentence is reasonable is determined using an abuse-of-discretion standard of review. *United States v. Sexton*, 512 F.3d 326, 331 (6th Cir. 2008) (citing *Gall v. United States*, 552 U.S. 38, 46 (2007)).  Review for reasonableness has both procedural and substantive components.  *Id*.  (citing *Gall*, 552 U.S. at 49-50 (2007); and *United States v. Borho*, 485 F.3d 904, 908 (6th Cir. 2007)).  Because Temple's sentence is within the properly calculated Sentencing Guidelines range, it is entitled to a presumption of reasonableness on review.  *Rita v. United States*, 551 U.S. 338, 351 (2007); *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006).  This presumption "applies to the Guidelines range calculated by taking into account enhancements based on judge-determined facts." *Sexton*, 512 F.3d at 332.

Examples of procedural errors are "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence."  *Gall*, 552 U.S. at 51; *see also United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006) ("A sentence may be procedurally unreasonable if the district judge fails to consider the applicable Guidelines range or neglects to consider the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration.")  When the defendant "'presents nonfrivolous reasons for imposing a different sentence,' a sentencing judge should address the 'parties' arguments' and 'explain why he has

rejected those arguments' in order for the sentence to be procedurally reasonable." *United States v. Peters*, 512 F.3d 787, 789 (6th Cir. 2008) (quoting *Rita*, 551 U.S. at 358).

A sentence is substantively unreasonable "when the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *Borho*, 485 F.3d at 908 (quoting *Collington*, 461 F.3d at 808; *Sexton*, 512 F.3d at 332.

### III.  LAW AND ANALYSIS

Temple argues that the district court's sentence was both procedurally and substantively unreasonable because the district court did not consider his mitigating circumstances.

Section 3553(a) provides, in relevant part:

The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) . . .

[And] shall consider-
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed –
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for -
    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines;
    . . .
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. . . .

## A. Mitigating Circumstance: Difficult Childhood

At the Sentencing Hearing, the district court heard testimony from Temple about his difficult childhood. Temple stated that when he was 12 years old, his father "had already been submitted to like an old folks home, or where ever they sent people where they could take care of them. So, he wasn't really -- he didn't have any memory. He couldn't even remember who I was. He totally lost his memory." Temple further testified that his mother passed away when he was 12 years old, and his father died when he was 14 years old. He lived with his grandfather from age 12 to age 16, and during this time he worked in cotton fields. At age 16, Temple moved to Memphis to live with his brother.

The initial Presentence Report states that "defendant reportedly first used heroin at a 'young' age and used daily until age 21. The defendant completed drug treatment while incarcerated." The Report further stated that "[t]he probation officer has not identified any factors under 18 U.S.C. 3553(a) that may warrant a variance and imposition of a non-guideline sentence."

The Revised Presentence Report included the information about the deaths of Temple's parents. It also indicated that "defendant stated that he witnessed the murders of relatives and close friends, some of which severely affected him." Temple reported first using marijuana at age 13 or 14 but denied use of other illicit controlled substances, in contradiction to what he said in his pretrial services interview. Temple completed the 10th grade but was expelled in the 11th grade due to an altercation with another student. He reportedly entered the Batesville Job Corps Center in Mississippi and at some point earned his GED and certifications in welding, culinary arts, and retail sales.

The Initial Presentence Report and the Revised Presentence Report also set forth Temple's past crimes. On June 29, 1996, Temple was convicted of attempted aggravated robbery. On November 18, 1997, Temple was convicted of criminal trespass. On December 18, 1997, Temple was convicted of aggravated robbery. On January 15, 1998, Temple was convicted of burglary of a motor vehicle. On April 13, 1999, Temple was convicted of criminal attempt: "Especially Aggravated Robbery." On March 22, 2003, Temple was convicted of possession of a controlled substance. Finally, on March 23, 2004, Temple was convicted of unlawful possession of a controlled substance with intent to distribute, and resisting official detention.

Temple argues that the district court committed error because it did not address his arguments regarding his difficult childhood when it articulated its reasons for the sentence imposed. He maintains that his case is similar to the circumstances in *United States v. Buffington*, 310 F. App'x 757, 763 (6th Cir. 2009), in which the Sixth Circuit found that Mr. Buffington's sentence was unreasonable because the judge in that case did not "specifically address[] three of Buffington's four arguments in favor of" a shorter sentence.

The district court's reasoning for its sentence is not expansive. The district court did not discuss in detail most of Temple's past crimes, mention his difficult childhood, or formally adopt the Presentence Report. On the other hand, the district court did reference Temple's criminal past by stating that "Mr. Temple has an extensive violent history going back to 1996, which was demonstrated by the fact that []he fought with the [police] and when they apprehended him, he attempted to flee. I would say that is very similar to behavior of Mr. Temple in the past." The district court judge further stated that "the Court has concluded Mr. Temple has been involved in criminal conduct throughout his adult life. Temple has shown by his prior convictions that he has

continued to be a violent criminal."  Although it is possible that the trial court concluded that Temple's extensive criminal history outweighed any mitigating effect a difficult childhood could have, it is not clear from the record whether this is the case or whether the court failed to take into consideration Temple's difficult childhood.  It was incumbent upon the court to clarify its position in this regard. In *United States v. Mitchell*, 232 F. App'x 513, 520 (6th Cir. 2007) (quoting *United States v. Richardson*, 437 F.3d 550, 554 (6th Cir.2006)), this court held that "[t]he district court has an 'obligation to explain to the parties and the reviewing court its reasons for imposing a particular sentence.'"

The district court's statement that the 327-month sentence was in part based on "the statements of counsel and the other circumstances surrounding this case" was not sufficient to eliminate this deficiency. Although a mere reference to the rest of the record can fulfill the requirements of procedural reasonableness, it must be clear what issue the district court is referencing. *See United States v. Greer*, 359 F. App'x, 642, 645-46 (6th Cir. 2010).  The reference the district court made in this case is not as clear as the references made by the judge in *Greer*, where Greer's attorney and the judge specifically referred to arguments made by counsel on the record prior to Greer's family entering the courtroom.  *Id.*, at 646 ("It is clear from the sentencing transcript that Greer's attorney did not want to specifically mention the information Greer provided about his family's criminal activity while his family was in the courtroom.").

The court in *Rita*, 551 U.S. at 359, explained that a district court does not have to provide an extensive explanation "[w]here a matter is . . . conceptually simple . . . and the record makes clear that the sentencing judge considered the evidence and arguments." *See also Sexton*, 512 F.3d at 332 (quoting *Rita*, 551 U.S. at 359); *United States v. Pettie*, 242 F. App'x 313, 317 (6th Cir. 2007)

("[R]egular, recurring circumstance[s] need not be discussed by a judge each and every time [they are] raised by a criminal defendant, especially in the absence of some further development suggesting an exceptional hardship."). However, in *Sexton*, "it was obvious that the court had considered his claim from the context and the court's explicit acknowledgment of the argument." *Sexton*, 512 F.3d at 332. In this case, the district court did not explicitly acknowledge Temple's argument that he should receive a lower sentence based on his difficult upbringing.

This case is also factually distinguishable from *Pettie* because the hardship articulated by Temple was certainly more exceptional than the hardship Pettie put forth. Pettie's counsel stated that Pettie cared for his parents. In this case, Temple testified about losing both parents at a young age, and the Presentence Report included evidence that Temple was involved with drugs as a child and witnessed violence.

We recognize that district judges do and should have substantial discretion in articulating their sentencing decisions. However, by not articulating how the facts of Temple's childhood factored into its sentencing determination, the district court fell short of complying with controlling precedent. Therefore, we remand this case to the district court for resentencing with instructions to clearly articulate its reasoning pursuant to the § 3553(a) factors and to specifically articulate its position regarding the effect of Temple's childhood as to its sentencing decision.

### B. Mitigating Circumstance: Acceptance of Responsibility

The district court heard testimony regarding Temple's guilty plea. His counsel stated:

> I'm not going to request a three level reduction, but I will ask Your Honor to consider . . . the fact that [Mr. Temple] ultimately plead guilty. I think that that bears some kind of acceptance. Whatever Your Honor wants to give him, we would very much appreciate.

Government counsel stated in response that the government had "put on all" of its proof at trial. It was only after witnesses

> repeatedly identified this defendant as the man who had the gun and as the man who robbed them, it is then when he decided to change his plea. The defendant did not accept responsibility. As Your Honor knows, there was a letter sent to Your Honor's court, which is actually a part of the record where it says, "I am innocent of the accusations against me and will not, refuse to sign any acceptance of letter to take responsibility for things I did not do." . . . So I submit that he did not accept responsibility, although he is admitting his responsibility now, but it is too late.

Defendant changed his plea on the second day of trial.

The district court specifically addressed the issue of whether Temple accepted responsibility. While acknowledging that he pled guilty, the court noted that Temple had permitted a trial to commence before pleading and had written a letter to the court after pleading guilty stating that he was innocent. The district court stated that "the defendant didn't show any remorse that this [c]ourt could see." Therefore, Temple's argument that the district court did not consider whether he had accepted responsibility is not well-taken.

Temple further argued that the district court mischaracterized his decision to accept responsibility by stating that "I went through the plea colloquy with him and he was unwilling to accept responsibility for this charge," because Temple pled guilty. This statement, read in the context of the district court's other statements about whether Temple accepted responsibility, does not amount to procedural error. It is evident that the district court considered other factors to determine that Temple did not accept responsibility, such as his decision to begin trial and his letter to the court declaring his innocence. Therefore, the district court did not commit procedural error in regard to its treatment of Temple's argument that his sentence should be lowered based on his guilty plea.

Because we conclude that Temple's sentence was procedurally unreasonable, it is not necessary to address whether it is substantively reasonable. *Gall*, 552 U.S. at 51 (The appellate court "must first ensure that the district court committed no significant procedural error. . . . Assuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard."); *United States v. Garcia-Robles*, 562 F.3d 763, 768 (6th Cir.2009) ("Because we conclude that [defendant's] sentence is procedurally unreasonable, we do not consider at this time his arguments that his sentence is substantively unreasonable."); *United States v. Wilson*, 614 F.3d 219, 226 (6th Cir. 2010) ("Having found her sentence procedurally unsound, we need not reach . . . [the] argument" that the sentence was substantively unreasonable.).

## IV. CONCLUSION

For the foregoing reasons, we **VACATE** Temple's sentence and **REMAND** the case for resentencing consistent with this opinion.