NOT RECOMMENDED FOR PUBLICATION
File Name: 12a1225n.06

No. 11-2376

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** *Nov 27, 2012* DEBORAH S. HUNT, Clerk |
|  | ) |  |
| Plaintiff-Appellee | ) |  |
|  | ) |  |
| v. | ) | ON APPEAL FROM THE UNITED |
|  | ) | STATES DISTRICT COURT FOR |
| MARIO COLLIER, | ) | THE WESTERN DISTRICT OF |
|  | ) | MICHIGAN |
| Defendant-Appellant. | ) |  |
|  | ) | OPINION |

Before: DAUGHTREY, KETHLEDGE, and DONALD, Circuit Judges.

**BERNICE BOUIE DONALD, Circuit Judge.** This case involves a three-part challenge to a 144-month prison sentence imposed on Appellant Mario Collier for possession with intent to distribute twenty-eight or more grams of cocaine base. Collier argues that his sentence is procedurally and substantively unreasonable and that the district court erroneously considered rehabilitation as a factor when determining sentence length. We disagree and **AFFIRM** the decision of the district court.

**I. FACTS AND PROCEDURAL HISTORY**

Collier was indicted on three separate counts of possession with intent to distribute twenty-eight or more grams of cocaine base. (PSR 1.) Collier pled guilty to Count One, possession with intent to distribute twenty-eight grams or more of cocaine base, which alleged the sale of a controlled substance at a gas station. (PSR ¶ 2, 4, 12.) Counts Two and Three of the indictment describe two

additional drug-related incidents, which were taken into account in sentencing. The first incident involved a drug sale between Collier and a confidential informant that was observed by a narcotics agent. (PSR ¶ 18.) The second incident occurred when a narcotics agent received an anonymous tip that Collier was at a motel in Kalamazoo, Michigan. (PSR ¶ 20.) The agents found 29.52 grams of cocaine base, $4,283 in cash, and a digital scale in Collier's hotel room. (PSR ¶ 22-27.) In exchange for Collier pleading guilty to Count One and incorporating the facts from all three counts in the Plea Agreement, the Government moved to dismiss Counts Two and Three. *Id.* The district court approved the Plea Agreement and dismissed Counts Two and Three. *Id.* The district court also granted the United States' motion for a three-point reduction based on acceptance of responsibility. (Page ID108.)

Before sentencing, the district court asked if either party had any legal objections to the sentencing. *Id.* The district court recognized that "there was a defense objection on the conversion of certain currency into drug equivalent, and that was withdrawn in the sentencing materials from the defense." *Id.* The defense first stated this objection in the first footnote of the Defendant's Sentencing Memorandum:

> Mr. Collier had several objections to the initial PSR. Counsel submitted those objections to the probation officer in a letter dated September 20, 2011. After counsel's objection meeting with the probation officer, there was an unresolved objection to paragraph 28. On October 11, 2011, counsel discussed the objection with Mr. Collier, and Mr. Collier decided to withdraw the objection.

(Page ID37.)

Collier's Sentencing Memorandum also stated that a copy of the PSR was provided to Collier and that he had no objections to it. *Id.* For these reasons, the district court determined that neither party wished to object. (Page ID108.)

The district court then heard extensive testimony from Collier and his attorney about the use of drugs in Collier's family, his own history with drugs, his desire to get his life back on track, his desire to seek a greater spiritual understanding of his actions, his willingness to accept responsibility for his actions, and his desire to be given another chance at life. (Page ID108-15.) The district court also acknowledged receiving letters from Collier in support of his Motion for a Downward Variance. (Page ID107.) The Government then urged the court to impose a severe sentence because of Collier's propensity to "return [] to drug dealing." (Page ID116.) The Government also cautioned the district court not to rely on Collier's statements because Collier had probably made similar assurances to the court in the past. *Id.*

Collier moved for a downward variance from the Guidelines and pled guilty to Count One of the indictment. (Page ID107.) The district court decided the career-offender sentence enhancement from a category IV criminal to a category VI criminal should apply, resulting in a base offense level of 34. (Page ID118.) The district court also deemed a slight downward variation appropriate given the severity of the Guidelines' sentence, Collier's success in structured programs, and the fact that addiction and mental health issues were intertwined with Collier's criminal activities. (Page ID108; 117-19.)

In rendering the 144-month prison sentence, the district court expressed hope that Collier would "acquire, specific patterns of behavior that he can learn to emulate that allow him to make

good on that intention when he's out of custody and in a setting where he's struggled." (Page ID120.) The district court also ordered that Collier undergo a 500-hour substance abuse program, recommended a mental health assessment and treatment, imposed supervised release for five years, and assessed fines totaling $1,600. (Page ID121-24.)

## II. ANALYSIS

**1.      Procedural Reasonableness**

Collier contends that his sentence was not procedurally reasonable because the district court failed to ask whether Collier read and discussed the PSR with his attorney. Collier also argues the district court failed to consider his non-frivolous argument raised during sentencing.

Where a criminal defendant fails to object below, we review for plain error. *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006) (citing *United States v. Emuegbunam,* 268 F.3d 377, 406 (6th Cir. 2001)). The district court asked both parties on two separate occasions if they had any objections to the sentence. (Page ID108, 123-24.) Thus, Collier had a meaningful opportunity to object. *United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004). Collier's claims are, therefore, reviewed for plain error because he failed to object. *Gardiner*, 463 F.3d at 459.

**a. Failure to ask if Collier read and discussed PSR report**

The sentencing court must verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report. Fed. R. Crim. P. 32(i)(1)(A). A trial judge need not expressly ask the defendant if he and his counsel have read and discussed the report. *United States v. Osborne*, 291 F.3d 908, 910 (6th Cir. 2002). "[T]he court need only somehow determine that defendant and counsel have had an opportunity to read and discuss the

[presentence report]." *Id.* (quoting *United States v. Stevens*, 851 F.2d 140, 143 (6th Cir. 1988) (second alteration in original) (emphasis omitted)).

The district court did not commit plain error by failing to ask Collier if he read and discussed the PSR with his counsel. The record supports the inference that Collier read and discussed the PSR with his attorney and that his substantial rights were not affected. *See United States v. Tarpley*, 295 F. App'x 11, 17 (6th Cir. 2008) (holding that even though defendant stated he did not read and discuss PSR with his counsel, he could not show any error that affected his substantial rights). Collier had several objections to the initial PSR, but he withdrew his objections after speaking with counsel. (Page ID37.); *see United States v. Jeross*, 521 F.3d 562, 586–87 (6th Cir. 2008) (concluding that the district court did not err in finding that defendant had the opportunity to review and discuss his PSR when, among other things, defendant had withdrawn and waived all objections to the presentence investigation report in this matter). Therefore, Collier ultimately failed to demonstrate reversible error.

## B. Consideration of a non-frivolous argument

District courts are required to consider all factors and non-frivolous arguments brought to their attention by a defendant. *United States v. Simmons*, 587 F.3d 348, 361 (6th Cir. 2009); *United States v. Blackwell*, 459 F.3d 739, 774 (6th Cir. 2006). Collier argued for a downward variance from the Guidelines on the erroneous grounds that his state convictions should not count toward the armed career criminal sentence enhancement. (Page ID56-59.) We have held that 28 U.S.C. § 994(h)(2)(B) authorizes the Sentencing Commission to count state crimes toward the career-offender enhancement. *See United States v. Najar*, No. 98-2050, 2000 WL 799331, at *3 (6th Cir. June 9,

2000). Collier's argument is meritless and the district court was not required to address it. *Simmons*, 587 F.3d at 361. The district court, however, explicitly evaluated whether a downward variance was reasonable based on arguments articulated by the defense in its motion. (Page ID117.) Accordingly, the district court judge did not commit plain error.

## 2. Substantive reasonableness

We review claims challenging the substantive reasonableness of a sentence for an abuse of discretion based on the totality of the circumstances. *United States v. Christman*, 607 F.3d 1110, 1117-18 (6th Cir. 2010). During sentencing, a district court must consider the factors set forth in § 3553(a) and arrive at a sentence "sufficient, but not greater than necessary, to comply with" those factors. 18 U.S.C. § 3553(a). A district court abuses its discretion if it "selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *Id.* at 1118 (citing *United States v. Conatser,* 514 F.3d 508, 520 (6th Cir. 2008)).

Collier asserts that his sentence was not substantively reasonable because the district court gave unreasonable weight to Collier's past offenses, failed to consider relevant sentencing factors, and selected an arbitrary sentence that does not correspond to the court's reasoning. Collier also argues that his sentence contradicts the plain language of 18 U.S.C. § 3553 in the following ways: the sentence does not reflect the seriousness of the crime, the sentence does not offer adequate deterrence for criminal conduct, and the district court erroneously considered rehabilitation as a sentencing factor.

### a. Reasonableness of weight given to past offenses

Collier contends that the district court's assignment of a category VI criminal history overstates his criminal history. His claim is without merit. *See* 18 U.S.C. § 3553(a)(1), (2)(B-C) (requiring the district court to "consider . . . the history and characteristics of the defendant," "afford adequate deterrence to criminal conduct," and to "protect the public from further crimes."). The district court focused not only on Collier's criminal history, but also on his underlying issues, expressing concern in seeing "a person [with] addiction and mental health issues that are inextricably intertwined in the criminal wrongdoing here." (Page ID118-20.) The district court in this case appropriately considered Collier's previous criminal conduct without giving unreasonable weight to past offenses.

### b. Consideration of relevant sentencing factors

The district court need not explicitly reference each factor in its sentencing determination. *United States v. Caswell*, 456 F.3d 652, 657 (6th Cir. 2006). "[We have] never required the ritual incantation of the factors to affirm a sentence." *Id.* (citing *United States v. Johnson*, 403 F.3d 813, 816 (6th Cir. 2005) (internal quotation marks omitted)). "[T]here must still be sufficient evidence in the record to affirmatively demonstrate the court's consideration of them." *Id.* (quotation marks omitted)

Collier contends that the district court failed to consider his disadvantaged childhood during sentencing. Collier's contention is baseless. The PSR described Collier's difficult childhood and family history with drugs. (PSR ¶79, 82, 83, 96.) Moreover, Collier described his disadvantaged childhood to the district court during sentencing. (Page ID110-11.) Collier's sentencing

memorandum and attachments also discuss Collier's upbringing. (Page ID37 & 48.) A review of the sentencing transcript confirms that the district court listened to Collier's statements regarding his childhood. (Page ID116.) Moreover, the district court's references to the evidence in the records, albeit in the context of Collier's substantive abuse and mental health issues, suggest that the materials regarding Collier's childhood were reviewed. This court has explained that regular, recurring circumstances need not be discussed by a judge each and every time they are raised by a criminal defendant, especially in the absence of some further development suggesting an exceptional hardship. *United States v. Temple,* 404 F.App'x 15, 20 (2010) (quoting *United States v. Pettie*, 242 F. App'x 313, 317 (6th Cir. 2007)). Unfortunately, troubled childhoods plague many criminal defendants. Collier has not presented arguments or supporting evidence that would suggest an arguably meritorious claim for a lesser sentence based on his difficult childhood. *United States. v. Pettie*, 242 F. App'x 313, 316 (6th Cir. 2007). Even assuming arguendo that the district court did not consider Collier's troubled childhood, the district court was not bound to consider this argument because Collier did not actually point to his trouble childhood as a mitigating factor. As such, the district court did not abuse its discretion by not explicitly mentioning Collier's difficult childhood during sentencing.

### c. Arbitrariness of sentence

Collier asserts that the district court selected an arbitrary sentence and that 144 months is an arbitrary middle ground. The district court correctly determined the career-criminal sentence enhancement should apply, and partially granted Collier's Motion for a Downward Variance because the sentence was too severe for the crime. The district court adequately explained the reasoning for

the sentence and the downward variation from the Guidelines. Collier's contention, therefore, does not overcome the presumption of reasonableness. *See United States v. Dexta*, 470 F.3d 612, 615–16 (6th Cir. 2006).

### d. Plain language of 18 U.S.C. §3553

Collier contends that his sentence neither reflects the seriousness of the crime, nor offers adequate deterrence for criminal conduct. He further asserts that the district court erroneously considered rehabilitation as a sentencing factor.

### i. Seriousness of the crime

Collier contends that his sentence is too long to adequately reflect the seriousness of the crime. After appropriately applying the career-criminal sentence enhancement, the district court determined that the Guidelines recommended a range too severe for Collier's individual circumstances. (Page ID120.) The district court imposed a sentence of 144 months, 40 months below the minimum recommended by the Guidelines. *Id.* Collier's contention, therefore, is unsupported by the record. *See Dexta*, 470 F.3d at 615–16.

### ii. Deterrence and public protection

Collier contends that the 144 month sentence is not necessary to deter him from future criminal conduct or to protect the public from future crimes. This argument is misplaced because the district court spent a significant amount of time balancing the need for a downward deviation from the Guidelines with the need to deter Collier from future crime. (Page ID120.) Moreover, we presume that a sentence within Guidelines is reasonable. *United States v. Brinley*, 684 F.3d 629, 636 (6th Cir. 2012).

### iii. Rehabilitation in light of *Tapia*

Collier argues that his sentence is contrary to the Supreme Court's holding in *Tapia v. United States*, 131 S. Ct. 2382 (2011), because it was motivated in part by the court's desire to rehabilitate Collier. In support, Collier points to several statements the court made during the sentencing hearing, but these statements are viewed out of context. The court's comments that Collier did well in "structured settings" reflects the court's belief that the career-offender enhancement does not entirely fit Collier, not a concern about rehabilitation. Although the court did express hope that Collier could learn better behaviors, "[a] court commits no error by discussing the opportunities for rehabilitation within prison[.]" *United States v. Tolbert*, 459 F. App'x 541, 548 (6th Cir. 2012) (first alteration in original). Here, the court was expressing its opinion about how Collier should spend his time in jail, not giving a rationale for the length of Collier's sentence. These statements reflect the court's belief that Collier needed a long sentence to deter him from future wrongdoing, which is proper. *See* 18 U.S.C. § 3553(a)(2)(B); *United States v. Tolbert*, 668 F.3d 798, 803 (6th Cir. 2012).

Collier cannot ask for a reduced sentence because he does well in structured settings, and then—after he getting exactly what he wants—argue that the court focused impermissibly on his rehabilitation. Morever, clearer evidence is generally necessary to vacate under *Tapia*. For example, we vacated a sentence when the court said that the defendant "needed maximum time to recover from an addictive situation." *United States v. Sanders*, 472 F. App'x 376, 382 (6th Cir. 2012). And we vacated a sentence when the district court "based its above-guidelines sentence on its belief that the medical and psychological treatment that [the defendant] needed would take a considerable

period of time[.]" *United States v. Censke*, 449 F. App'x 456, 462 (6th Cir. 2011). In contrast, this case is more akin to *Tolbert*, where we upheld a sentence that the district court said would "afford []Defendant an opportunity to rehabilitate himself." *Tolbert*, 459 F. App'x at 548–49. The district court had ample grounds on which to base Collier's sentence without considering rehabilitation.

## III. CONCLUSION

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**