NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0475n.06

No. 17-1994

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | Sep 20, 2018 |
| | ) | DEBORAH S. HUNT, Clerk |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| JOSEPH ALLEN ELLSWORTH, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: BATCHELDER, DONALD, and THAPAR, Circuit Judges.

PER CURIAM. Joseph Allen Ellsworth appeals his 168-month sentence for armed bank robbery. As set forth below, we **AFFIRM** Ellsworth's sentence.

A grand jury returned an indictment charging Ellsworth with two counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d). These charges arose from the armed robbery of the Fifth Third Bank in Wyoming, Michigan, on July 11, 2016, and again on July 20, 2016. After a three-day trial, a jury found Ellsworth guilty of the July 20 robbery but acquitted him of the July 11 robbery.

Ellsworth's presentence report set forth a guidelines range of 120 to 150 months of imprisonment based on a total offense level of 26 and a criminal history category of VI. After considering the sentencing factors under 18 U.S.C. § 3553(a), the district court determined that an upward variance of two levels was appropriate, resulting in a new guidelines range of 140 to 175 months of imprisonment. The district court sentenced Ellsworth toward the upper end of that range

to 168 months of imprisonment. On appeal, Ellsworth challenges his 168-month sentence as procedurally and substantively unreasonable.

Ellsworth first argues that the district court procedurally erred by failing to explain its decision to vary upward by 18 months, as opposed to some other number of months. If the district court imposes a sentence outside the advisory guidelines range, "the court is required to state 'the specific reason for the imposition of' its departure or variance." *United States v. Zobel*, 696 F.3d 558, 566 (6th Cir. 2012) (quoting 18 U.S.C. § 3553(c)(2)). At the conclusion of the sentencing hearing, defense counsel made a general objection to the upward variance, but acknowledged that the district court had addressed all of Ellsworth's arguments. Because Ellsworth failed to object to the adequacy of the district court's explanation for the 18-month upward variance—"an issue that became apparent as soon as the court finished announcing its proposed sentence and that counsel nonetheless declined the court's invitation to address"—we review for plain error. *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc). "To demonstrate plain error, a defendant must show: '(1) error (2) that was obvious or clear, (3) that affected defendant's substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings.'" *United States v. Taylor*, 800 F.3d 701, 714 (6th Cir. 2015) (quoting *United States v. Wallace*, 597 F.3d 794, 802 (6th Cir. 2010)).

Ellsworth cannot show error, let alone plain error. The district court articulated specific reasons for applying a two-level upward variance. First, the district court varied upward to protect the public from further crimes by Ellsworth. Reviewing Ellsworth's criminal history, the district court pointed out that Ellsworth fell within criminal history category VI "at a very young age" and that his prior convictions "all involve[d] taking other people's property for his own use." (RE 50, Sentencing Tr., Page ID ## 288-89). According to the district court, Ellsworth posed "an extreme

risk" to the public. (*Id*. Page ID # 288). The district court next addressed the need to deter Ellsworth and others, stating that armed bank robbery is punishable by up to 20 years in prison: "That's a clear indication that the executive and legislative branches of government believe that if you commit this offense, it's very serious, and you must expect to be punished for it." (*Id*. Page ID # 289). Finally, the district court emphasized the seriousness of the offense and the traumatic impact on the victims. The record shows that the district court adequately explained its decision to apply a two-level upward variance and impose a sentence at the upper end of the new guidelines range.

Ellsworth relies on *United States v. Cousins*, 469 F.3d 572 (6th Cir. 2006), in which this court remanded for resentencing where the district court failed to provide an adequate explanation for a two-month upward variance. In addition to failing to provide its reasoning for the upward variance, the district court in *Cousins* also failed to address the defendant's request for concurrent sentencing and failed to mention the applicable guidelines range. *Id*. at 578. By contrast, the district court in this case stated the applicable guidelines range, discussed its reasons for varying upward from that range, and confirmed that it had addressed all of Ellsworth's arguments. Unlike the district court in *Cousins*, the district court here "explained 'its reasoning to a sufficient degree to allow for meaningful appellate review'—the touchstone of procedural reasonableness." *Zobel*, 696 F.3d at 569 (quoting *United States v. Brogdon*, 503 F.3d 555, 559 (6th Cir. 2007)).

Ellsworth next argues that the district court imposed a substantively unreasonable sentence by tethering the upward variance to his mental illness. We review the substantive reasonableness of Ellsworth's sentence under a deferential abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 51-52 (2007). "The essence of a substantive-reasonableness claim is whether the length of the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18

U.S.C. § 3553(a)." *United States v. Tristan-Madrigal*, 601 F.3d 629, 632-33 (6th Cir. 2010). "A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008).

Ellsworth asserted in his sentencing memorandum that he has the ability to be a productive member of society when he is treating his bipolar disorder and that his untreated bipolar disorder at the time of the offense supported a sentence near the middle of the guidelines range. At sentencing, defense counsel stated that "there is a marked difference between Mr. Ellsworth who is treating for his bipolar disorder and Mr. Ellsworth who is not" and that, "when he stopped taking his medication, it was a downward slippery slope where he descended into the position where he found himself in July, standing in a Fifth Third Bank conducting a robbery and harming people." (RE 50, Sentencing Tr., Page ID ## 283-84).

Addressing these arguments, the district court recommended that Ellsworth receive a mental health evaluation and treatment while imprisoned, but found that his failure to address his mental health issues and take his medication provided "no excuse" for his offense. (*Id*. Page ID # 287). The district court expressed hope that Ellsworth "can get his arms around the issue and make his treatment more effective for a longer period of time" and "become a law abiding member of society for the remainder of his life," but noted that he had failed to address his mental health issues in the past. (*Id*. Page ID ## 289-90). Given that Ellsworth invited the district court to consider his potential for success when treating his bipolar disorder, the district court did not abuse its discretion in noting his past failure to manage his mental health issues.

Ellsworth contends that the district court abused its discretion in stating that he had "plenty of opportunity" to address his mental health issues in the past, asserting that he was diagnosed and treated in state custody but had difficulty obtaining his medication while on parole. (*Id*. Page ID # 287). Ellsworth, who "was accepted into a vigorous and highly principled housing and parolee support program," failed to provide the district court with any information about his attempts to obtain medication or other treatment while on parole and participating in this program. (RE 44, Sentencing Memo., Page ID # 256).

Contrary to Ellsworth's claim, the district court did not tie his past failure to manage his mental health issues to the length of his sentence. *See United States v. Collier*, 506 F. App'x 459, 464-65 (6th Cir. 2012). The district court instead based the upward variance on the § 3553(a) factors discussed above—protecting the public, affording adequate deterrence, and reflecting the seriousness of the offense. Ellsworth argues in his reply brief that these factors "were already baked into the Guidelines-range sentence." (Appellant's Reply 6). "However, we have rejected the argument that a sentence is substantively unreasonable because the § 3553(a) factors on which the district court relied to sentence the defendant outside the advisory Guidelines range were already reflected in the Guidelines calculation." *United States v. Rossi*, 422 F. App'x 425, 436 (6th Cir. 2011) (citing *Tristan-Madrigal*, 601 F.3d at 636 n.1). After considering the totality of the circumstances and giving "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance," we conclude that the district court imposed a substantively reasonable sentence on Ellsworth. *Gall*, 552 U.S. at 51.

For these reasons, we **AFFIRM** Ellsworth's sentence.